### KIRSHBAUM *et al. v.* JONES *et al.*

CANDLER, Justice. The exception here is to a judgment sustaining a general demurrer to a petition, which sought to enjoin Somers Ralph Jones from violating the restrictive covenants of an employment contract, and Willard Petty from aiding and abetting such violation. The contract provided that the employee, would not, for a period of one year following the termination of his employment with the petitioners, "solicit or attempt to solicit the business or patronage of any of the customers of the employer heretofore served by the employee during his term of employment." Unquestionably the restraint is reasonable as to its time limitation. *Orkin Exterminating Co.* v. *Dewberry,* 204 *Ga.* 794 (51 S. E. 2d, 669). With respect to the territorial limitation, the employee was prohibited from soliciting the employer's customers whom he had served, and the territory would necessarily be limited to that specific area. The territorial limitation imposed by the contract in the present case is even more limited, and therefore more reasonable, than what .was held to be a reasonable limitation in those cases where the restriction was not only against soliciting the employer's customers, but those persons or places of business in a defined area such as a part of a State, a county, or a municipality. See, in this connection, *Shirk* v. *Loftis,* 148 *Ga.* 500 (97 S. E. 66); *National Linen Service Corp.* v. *Clower,* 179 *Ga.* 136 (175 S. E. 460); *Jones* v. *Primrose Dry Cleaning Co.,* 181 *Ga.* 103 (181 S. E. 577); *Franco* v. *Fulton Bakery Co.,* 190 *Ga.* 298 (9 S. E. 2d, 240); *Griffin* v. *Vandegriff,* 205 *Ga.* 288 (53 S. E. 2d, 345). Accordingly, the petition in the present case, which alleged the existence of a contract reasonable both as to time and territory, and not otherwise unreasonable, and a violation of its restrictive covenants, stated a cause of action for injunctive relief against the defendant Jones; and, this being true, it also stated a cause of action against the defendant Petty, who, it was alleged, had knowledge of such restrictive covenants, and was aiding and abetting the defendant Jones in such violation. *National Linen Service Corp.* v. *Clower,* supra.

*Judgment reversed. All the Justices concur.*

No. 16877. NOVEMBER 17, 1949.

*Herbert J. & Joseph F. Haas*, for plaintiffs.
*W. O. Slate* and *Charles W. Bergman*, for defendants.