25829. EDWIN K. WILLIAMS & COMPANY—EAST v.
PADGETT et al.

ALMAND, Chief Justice. This appeal is from an order dismissing an equitable complaint which sought to enjoin the defendants from violating the terms of an employment contract by one defendant with the plaintiff.

Edwin K. Williams & Co.—East, in its petition against Walter L. Padgett, Padgett Business Services, Inc., and William H. Hudgins alleged: That it was engaged in the business of furnishing record keeping and business counseling services to automobile service stations; on July 1, 1967, the plaintiff entered into a written contract of employment with defendant Hudgins, who worked for the plaintiff under said contract until September 1, 1968. The terms of the contract of employment were: "The following agreement is entered into as an integral part of the employment agreement by and between William H. Hudgins, undersigned, and hereinafter called employee, and Edwin K. Williams & Co. (Va.), represented by A. Dunson Dunaway, its Regional Manager, for the Southern Region.

"That for and in consideration of the expenses incurred in training the employee and furnishing the employee with know-how and techniques of value to employee in future employment, Edwin K. Williams & Co. (Va.) shall receive the following:

"1. That under termination of employment with Edwin K. Williams & Co. (Va.), the employee shall not go into competition in any way with Edwin K. Williams & Co. (Va.), for a period of two (2) years from the date of such termination, by:

"a. Going into a record keeping or business counseling service

for service stations in the territory in and around a fifty (50) mile radius of Augusta, Georgia, or Athens, Ga. (WHH Add.). "b. Soliciting for himself or others the accounts served by Edwin K. Williams & Co. (Va.)"

It was alleged that Hudgins had violated his contract with plaintiff by soliciting and serving automobile service stations in a 50-mile radius territory of Augusta, Georgia, as an employee of the defendant Padgett. It prayed that the defendant be enjoined "from soliciting business from or furnishing record keeping service or business counseling services to automobile service stations, in violation of said contract."

The defense of the defendants was that the complaint failed to state a claim against them.

Under his employment contract Hudgins agreed that for a period of two years from the date of the termination of his employment he would not go into competition with his employer by (a) going into the business of record keeping or counseling service for service stations in a 50-mile radius of Augusta, Georgia, or (b) by soliciting for himself or others the accounts served by Edwin K. Williams & Co. (Va.).

The allegations in the petition are insufficient to show a violation of restriction (a) above in that it does not charge Hudgins with going into the record keeping or business counseling service on his own. The allegations are that as an employee of defendant Padgett he was soliciting the business of stations served by the plaintiff, and in so doing, that he violated (b) of the restrictive covenant. This restriction, though reasonable as to time (2 years), is unreasonable and void because not limited as to territory.

As to a negative covenant ancillary to a contract of employment, it is essential to the validity of the contract that it contain a reasonable limitation both as to time and territory. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669); *Code* § 20-504. There being no limit as to territory as to Hudgins "soliciting for himself or others," such provision is void and unenforceable.

It was not error to sustain the motion to dismiss.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 8, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Joseph J. Gaines,* for appellees.