### 26209, 26210. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY v. BYRD: and vice versa.

Submitted December 14, 1970—Decided January 8, 1971—
Rehearing denied January 21, 1971.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellant.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellee.

Mobley, Presiding Justice. The question for decision presented by this appeal and cross appeal is whether a restrictive covenant in an employment contract is valid and binding upon the employee, an insurance agent. The trial judge granted the insurance company an injunction against the agent.

The pertinent provisions of the covenant are as follows: ". . . the soliciting agent, . . . hereby expressly covenants and agrees that after termination of this agreement, for any reason, he shall not for a period of two years thereafter, do nor shall he aid or abet others to do, any of the following things: (1) sell, or attempt to sell, any form of accident or health insurance to or on any of the company's insureds under group or franchise policies *in the territory covered by this agreement,* (2) induce, or attempt to induce, any of the company's insureds under group policies or franchise policyholders to cancel, lapse or fail to renew their policies with the company in the territory covered by this agreement, . . ." (Emphasis supplied.)

The contract contains no provision specifying the territory in which the agent is forbidden to sell, or attempt to sell, insurance of the kind sold for the insurance company. The "territory covered by this agreement" is not set out in the contract. By amendment to its complaint, the company alleges that at or about the time the agreement was given and accepted, the agent was given a manual which provided that: "An agent is permitted to sell anywhere within his regional manager's territory, provided he is licensed in the State in which he sells. An agent is permitted to sell anywhere within the State in which he lives, and is licensed, regardless of regional territory boundaries."

In the recent case of *Edwin K. Williams & Co.-East v. Padgett,* 226 Ga. 613 (176 SE2d 800), this court held that an employment contract which contained a provision that the employee would not,

for a period of two years, go into competition with his employer by "soliciting for himself or others the accounts served by Edwin K. Williams & Co. (Va.)" was void because not limited as to territory.

In the instant case the agent is restricted by the contract from soliciting policyholders of the insurance company in "the territory covered by this agreement," which territory, as in *Edwin K. Williams & Co.-East v. Padgett,* 226 Ga. 613, supra, is not set out in the contract. Accordingly, the restrictive covenant in the contract is void.

The trial judge erred in enjoining the agent from selling, or attempting to sell, described insurance to customers of the insurance company "in the territory covered by his contract," and the judgment granting the injunction is reversed on the cross appeal of the agent.

The main appeal by the insurance company, which complains of certain provisions in the injunctive order, is rendered moot by the ruling on the cross appeal.

*Judgment reversed on the cross appeal. Main appeal dismissed. All the Justices concur.*