488 P.2d 96 (1971)
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Plaintiff-Appellant,
v.
Jimmie L. KAPPERS, Defendant-Appellee.
No. 70-439.
Colorado Court of Appeals, Div. I.
June 29, 1971.
Rehearing Denied July 27, 1971.
Horn, Anderson & Johnson, R. E. Anderson, Colorado Springs, for plaintiff-appellant.
Orville A. Kenelly, Colorado Springs, for defendant-appellee.
Not Selected for Official Publication.
*97 DUFFORD, Judge.
The parties appear here in the same order as in the trial court and will be referred to by their trial court designations.
The sole question presented by this appeal is whether a restrictive covenant in an employment contract is valid and binding upon the defendant, an insurance agent. The trial judge ruled that the covenant was an undue and unreasonable restraint of trade and denied the plaintiff insurance company's request for an injunction. Plaintiff then filed this appeal.
The pertinent provisions of the covenant read as follows:
"* * * [T]he Soliciting Agent, * * * hereby expressly covenants and agrees that after termination of this agreement, for any reason, he shall not for a period of two years thereafter, do nor shall he aid or abet others to do, any of the following things: (1) sell, or attempt to sell, any form of accident or health insurance to or on any of the Company's insureds under group or franchise policies in the territory covered by this agreement, (2) induce, or attempt to induce, any of the Company's insureds under group policies or franchise policyholders to cancel, lapse or fail to renew their policies with the Company in the territory covered by this agreement, * * *."
In this jurisdiction, reasonable covenants not to compete will be enforced. Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813. In the case of Tatum v. Colonial Life and Accident Insurance Co., 465 P.2d 448 (Okl.), a restrictive covenant which was apparently identical to the one under consideration here was declared to be valid and enforceable. We find the following language from that case to be persuasive here:
"Clearly, this contractual provision is not intended to preclude the defendant from selling, or attempting to sell, any other form of insurance to those insureds, or to preclude him from selling, or attempting to sell, any form of insurance (including health and/or accident insurance) to any one else. Just as clearly, it is not intended to protect the plaintiff company against fair competition in the insurance field involved, but is intended to protect the plaintiff company against unfair competition in that field, on the part of its former soliciting agents, particularly that which would result from the former agent's use of information concerning the company's group, and franchise, health and/or accident policies and those insured thereunder, furnished by the company to him as its soliciting agent, or acquired by him through his activities as such a soliciting agent."
The case of Colonial Life & Accident Insurance Co. v. Byrd, 227 Ga. 198, 179 S.E.2d 746, also dealt with a covenant identical to the one before us. In that case the covenant was declared invalid on the basis that
"The contract contains no provision specifying the territory in which the agent is forbidden to sell, or attempt to sell, insurance of the kind sold for the insurance company. * * *"
In the instant case, both parties agree that the territory covered by the employment agreement and by the restriction of the covenant is the State of Colorado.
Since the territorial effect of the covenant is limited in its scope and is realistically related to the area of the defendant's contacts while employed by the plaintiff, and since the time period of the covenant's restriction is reasonable, we hold, as a matter of law, that it is enforceable.
The judgment is reversed, and this cause is remanded with directions that the trial court enter an injunction against the defendant in conformity with the restrictive covenant of the employment contract.
COYTE and ENOCH, JJ., concur.