26679.   ELLISON et al. v. LABOR POOL OF AMERICA, INC.

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 7, 1971.

*Stack & O'Brien, Joseph R. Manning, Jerry G. Peterson,* for appellants.

*Lipshutz, Macey, Zusmann & Sikes, Gary C. Furin,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the grant of a temporary injunction to Labor Pool of America, Inc., against two former employees, Darrell Ellison and Calvin A. Lachat.

The employees (appellants) were alleged to be violating their employment contracts with the appellee by their activities in Help Unlimited, Inc., a corporation engaged in the temporary help business.

■ The appellee has filed a motion to dismiss the appeal on the ground that the appellants failed to specify in their notice of appeal whether or not any transcript of the evidence and proceedings would be transmitted as a part of the record.

Counsel for the appellee rely on *Steadham v. State,* 224 Ga. 78 (159 SE2d 397), in support of this motion. In the *Steadham* case it was held that dismissal of the appeal would not result from a failure to designate whether a transcript of the evidence would be transmitted as a part of the record. No transcript of the evidence was filed, and this court could decide no question which required a consideration of the evidence.

In the present case the notice of appeal failed to state whether a transcript of evidence would be filed, and the clerk of the superior court transmitted the record to this court without a transcript of the evidence. The notice of appeal was dated June 10, 1971, and it was filed in this court on July 1. An additional transcript was filed in this court on August 31, containing the evidence introduced at the hearing. This record included an order of the trial judge dated July 9, granting an extension of time of sixty days for the filing of the transcript, and an order by the judge, made pursuant to *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24), directing that a supplemental record, consisting of the transcript, be certified and transmitted to this court.

The confusion resulting from the failure of counsel for the appellants to specify in the notice of appeal that a transcript of the evidence would be filed for inclusion in the records points up the desirability of litigants following the

mandate of the law (*Code Ann.* § 6-802; Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 495) in preparing the notice of appeal.

In the present case the extension of time for preparation of the transcript was obtained in time, the transcript was filed within the time granted, and there has been no unauthorized delay in the completion of the record. The transcript of evidence will therefore be considered by this court.

■ The appellants contend that the appellee, an Illinois corporation, could not maintain the present action because it has not obtained a certificate of authority to transact business in this State as provided by *Code Ann.* § 22-1421 (b) (Ga. L. 1968, pp. 565, 722; Ga. L. 1969, pp. 152, 196, 197). The appellants introduced a certification by the Secretary of State that the appellee had not qualified to transact business in Georgia.

The complaint alleged that the appellee operates an affiliated corporation in Atlanta, Labor Pool of Atlanta, Inc., which was incorporated under the laws of Georgia, and is a wholly-owned subsidiary of the appellee.

The evidence at the hearing showed that the appellee had the right to hire and fire employees of Labor Pool of Atlanta, Inc., that checks were issued by the appellee in payment of the services of temporary help employed by the subsidiary, that the chairman of the board of the appellee is president and a director of the subsidiary, and that the appellee drew money from the account of the subsidiary to loan to other branches of the appellee. The appellants contend that this evidence proved that the appellee was transacting business in Georgia.

*Code Ann.* § 22-1401 (Ga. L. 1968, pp. 565, 707; Ga. L. 1969, pp. 152, 201) provides that no foreign corporation, with stated exceptions, shall have the right to transact business in this State until it has procured a certificate of authority to do so from the Secretary of State. This section provides that a corporation is not transacting business in the State, for the purpose of qualification under the statute, solely by engaging in one or more of certain listed activi-

ties, which include: "Owning and controlling a subsidiary corporation incorporated in or transacting business within this State." *Code Ann.* § 22-1401 (b) (10).

The activities of the appellee disclosed by the evidence all fall within the category of owning and controlling a subsidiary corporation incorporated in this State, and under the statute requiring certificates of authority, these activities would not require the obtaining of a certificate.

There is no merit in the contention that the action could not be maintained because the appellee had not obtained a certificate of authority to transact business in Georgia.

■ The appellants contend that the restrictive covenants of their employment contracts are unreasonable and unenforceable because the prohibited territory is undefined; the duties of the employees are indefinite; and the activities of the employer are not defined.

The contract of Darrell Ellison provided that for a period of 11 months after the termination of his employment he would not engage in any business or activity competitive with the business of the appellee in the following territory: "a. Within the city of Ft. Lauderdale, Fla., and within an area of fifty (50) miles in all directions from the city limits thereof. b. In any city, including an area of fifty (50) miles in all directions from the city limits thereof, in any city in which a franchise or branch office of employer is being operated at the time this employment is terminated."

The contract of Calvin A. Lachat described the territory in which he was prohibited from competing with the appellee as follows: "(a) Within an area of fifty (50) miles in all directions of the outer boundaries of the City of Chicago, Illinois. (b) Within a radius of twenty-five (25) miles in all directions from the outer boundaries of any city in which a franchise or affiliated company of employer is being operated at the time this employment is terminated."

In *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (114 SE2d 26), the employment contract prohibited certain competitive activities of the employee for 18 months after the termination of his contract within a radius of 50 miles of

the City of Atlanta, or within a radius of 50 miles "of any city in which the Bartell Group now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station." This court there held: "The contract here under consideration does not specify the cities in which the Bartell Group of stations are located, nor does it identify those stations by name or call letters, but simply recites that 'the Bartell Group is engaged in the radio broadcasting business and the television broadcasting business within other cities and States in the United States, including the States of Wisconsin, Alabama, California, and New York.' Furthermore, the contract has a catch-all clause which attempts to include any city in which the Bartell Group 'now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station.' It would be extremely difficult, if not impossible, under the terms of the contract, for the defendant to know whether or not he is violating the terms of the contract. He is certainly not put on notice by the contract itself as to the cities in which he is restrained from seeking employment or engaging in business of a similar nature. Therefore, we hold . . . that the contract is unreasonable and unenforceable, . . ."

The contracts in the present case are as indefinite as to territory as the contract construed in the *WAKE Broadcasters* case. The appellants were not put on notice by the contracts in what cities the appellee had franchise or branch offices, and they could not have known at the time of the execution of the contracts in what cities the appellee would have branch or franchise offices at the time of the termination of their employment.

The question of the sufficiency of the contract to impose a valid restraint on trade was a question of law for the court's determination. The trial judge incorrectly held that the contracts were definite and reasonable enough as to territory to be enforced, and erred in granting the interlocutory injunction against the appellants.

In view of this ruling, it is unnecessary to consider other

provisions of the contract, or to pass upon other questions raised by the enumeration of errors.

*Judgment reversed. All the Justices concur.*