### 32079. FULLER et al. v. KOLB.

INGRAM, Justice.

In this appeal we consider the dismissal of appellant's suit to enforce a restrictive covenant in an employment contract. The trial court granted a motion to dismiss the suit upon the ground that it failed to state a claim upon which relief could be granted. We affirm.

Appellant is a certified public accounting firm doing business as Fuller and DeLoach. The appellee Kolb is an accountant and former employee of Fuller. The parties entered into an employment contract which contained a restrictive covenant. The relevant portion of the covenant provides:

"The employee agrees that for a period of two years

subsequent to the termination of this agreement, he will not render public accounting services, either as a practitioner, or as an employee of another practitioner, for any organization or individual which was a client of Fuller and DeLoach or of a predecessor firm at the time of termination or which had been a client within a year thereto. . ." The covenant also provided for injunctive relief and liquidated damages upon breach.

Kolb quit his job with appellant and went into business for himself before the contract terminated. Subsequently, he performed accounting services for several of appellant's former clients. Appellant brought suit to enforce the covenant. Kolb answered, alleging that the covenant was void and unenforceable and counterclaimed for damages. He then moved for dismissal of the complaint for failure to state a claim and the trial court granted this motion.

At the oral argument of the case before this court, counsel for both parties agreed that the decisive issue in this appeal is whether the covenant is limited as to territory. We do not think that it is and so affirm the judgment of the trial court.

In Georgia, contracts which tend to lessen competition or which are in restraint of trade are against public policy and are void. Georgia Constitution, Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701 (Rev. 1973)); Code Ann. § 20-504 (Cum. Supp. 1976). Restrictive covenants in employment contracts are in partial restraint of trade and are enforceable "only if strictly limited in time and territorial effect and [are] otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284, 285 (227 SE2d 251) (1976). See also *McNease v. National Motor Club of America,* 238 Ga. 53 (231 SE2d 58) (1976).

The covenant which we are asked to consider in this case, as it is written, has no territorial limitation. The absence of such a limitation renders it void. See *Colonial Life &c. Ins. Co. v. Byrd,* 227 Ga. 198 (179 SE2d 746) (1971); *Edwin K. Williams & Co. — East v. Padgett,* 226 Ga. 613 (176 SE2d 800) (1970). The problem inherent in restrictive covenants which do not have territorial

limitations is one of notice to the former employee. See, e.g., *Ellison v. Labor Pool of America,* 228 Ga. 147 (184 SE2d 572) (1971); and *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (114 SE2d 26) (1960). This is particularly true in this case where appellant has offices in four different cities and the covenant prohibits dealings with any organization or individual which had been a client of appellant for a year preceding the termination of employment. The burden imposed on Kolb to determine whether he is in violation of the covenant in accepting a particular client is unreasonable as written.

Appellant argues that this case should be controlled by *Kirshbaum v. Jones,* 206 Ga. 192 (56 SE2d 484) (1949). In *Kirshbaum,* the court upheld a restriction which was written without a territorial limitation. There the court found "[w]ith respect to the territorial limitation, the employee was prohibited from *soliciting* the employer's customers *whom he had served,* and the territory would necessarily be limited to that specific area." (Emphasis supplied.) The opinion in *Kirshbaum* does not point out either the type of business or the locality involved in that case. Appellant observes, and we agree, that *Kirshbaum* is in apparent conflict with later cases such as *Colonial Life* and *Williams,* supra. Therefore, *Kirshbaum* is disapproved insofar as it intimates that a restrictive covenant in an employment contract is enforceable without an explicit territorial limitation.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Hall and Hill, JJ., concur. Jordan, J., dissents.*

ARGUED MARCH 15, 1977 —DECIDED APRIL 6, 1977.

*Harland, Cashin, Chambers, Davis & Doster, Thomas J. Venker, Joe G. Davis, Jr.,* for appellants.

*Heyman & Sizemore, Gerald M. Edenfield, George H. Myshrall, Jr.,* for appellee.

JORDAN, Justice, dissenting.

While contracts in restraint of trade are against public policy and void under our Constitution, yet reasonable restrictive covenants in employment

contracts have been recognized as an exception to this principle from the time of the Industrial Revolution and possibly before. The majority opinion in this case is but another example of "nit picking" such contracts by this court to the extent that these contracts have been rendered totally inoperative and ineffective. Ten Philadelphia lawyers could not draft an employer-employee restrictive covenant agreement that would pass muster under the recent rulings of this court.

In this case the appellee was employed in the Atlanta office of an accounting firm doing business in 4 cities in Georgia, principally in Atlanta. His employment contract specified that if he ceased such employment he would not render accounting service to a client of appellants at the time of termination or within a year thereto. Thus the appellee was not restricted from practicing his profession in Atlanta or in Georgia or anywhere in the United States, the employer merely requiring him to "leave our clients alone" for a period of two years.

What agreement could be more reasonable or have less restraint upon the appellee commensurate with protecting the legitimate interests of his former employer? Viewed in the light of the clear intention of the parties and looking to the four corners of the contract, it was reasonable in every respect. Yet one of the parties, with the aid of the courts, can thumb his nose at his solemn contract and continue to pirate the clients of his former employer, at whose table he once supped.

I respectfully dissent.