## 56885. HELLER v. MAGARO et al.

McMURRAY, Judge.

This case involves an employer's suit for damages against a former employee for breach of a restrictive covenant in an employment contract following the termination of the employee's employment. This is the second appearance of this case in this court. See *Heller v. Magaro*, 144 Ga. App. 829, 832 (2) (242 SE2d 722). This court there held that the order issued on summary judgment in favor of the plaintiffs as to Counts 1 and 4 of the complaint was "somewhat vague but merely appears to be a determination that the property is owned by the plaintiffs." The judgment granting partial summary judgment was affirmed insofar as it attempted to settle the issue of ownership of the property.

Upon remand after this decision plaintiffs dismissed Count 4 of their complaint leaving only Count 1 remaining. Count 1 sought damages and attorney fees arising out of the breach of the restrictive covenant employment contract and other damages to them

resulting when they attempted to settle the question of compensation under the employment contract as to furniture of the plaintiffs in the possession of the defendant. Compensation under the employment contract following termination was "at the rate of one years average gross billing (based on the average of the one year immediately preceding my termination of employment and the one year immediately subsequent to my termination of employment) in lieu of any possible damages."

Whereupon the trial court held that this court in *Heller v. Magaro,* 144 Ga. App. 829, supra, had affirmed the partial summary judgment as to liability granted to the plaintiffs. Based on the stipulation of facts dated February 18, 1977, the trial court held there is no dispute as to the amount of defendant's monetary liability. Judgment was granted in favor of the plaintiffs and against the defendant "in the amount of $18,397.61 principal, plus interest thereon from March 1, 1976, in the amount of $2,951.26, plus costs." Defendant appeals. *Held:*

1. In Division 1 of *Heller v. Magaro,* 144 Ga. App. 829, 832 (1), supra, this court did not rule on the denial of defendant's motion for partial summary judgment as to Count 1 because there was no final judgment in the case. Now, a final judgment exists, and we proceed to consider that question inasmuch as it is the first enumeration of error here.

Defendant contends that the restrictive covenant in his employment contract is not limited as to territory and is therefore void on its face and unenforceable, citing *Fuller v. Kolb,* 238 Ga. 602 (234 SE2d 517). He was only limited in not being allowed to provide any service normally provided by the employer (audits, tax services, bookkeeping, financial and management consulting) "to any present clients," of the employers or, "to any clients who become clients," of the employers, during his employment by the employers, "for a period of two (2) years subsequent to the termination," of his employment. The restrictive covenant prohibited the employee from soliciting the employers' customers whom he had served or any future customers of the employers during the two

year period. It is essential to the validity of the contract that it contain a reasonable limitation both as to time and territory. Code Ann. § 20-504 (Ga. L. 1970, p. 441); *Orkin Exterminating Co. of South Ga. v. Dewberry,* 204 Ga. 794 (51 SE2d 669); *Edwin K. Williams & Co.-East v. Padgett,* 226 Ga. 613, 614 (176 SE2d 800). While the contract specifically stated there was no limitation from competing for accounting clients in the same geographical area, nevertheless the contract prevented him from competing for clients "who become clients of Magaro, Peel and Gross, CPA's" for a period of two years, subsequent to the termination of his employment. The covenant, therefore, had no territorial limitation as written, and the Supreme Court has held in the absence of such explicit territorial limitation it is rendered void. See *Colonial Life &c. Ins. Co. v. Byrd,* 227 Ga. 198, 200 (179 SE2d 746); *Fuller v. Kolb,* 238 Ga. 602, 603, supra.

2. The above ruling holds that the contract, which contained a restrictive covenant in general restraint of trade and against public policy, had no explicit territorial limitation and this rendered it void. This rendered any further consideration of the case nugatory as to the issues of this appeal inasmuch as no judgment could be rendered on the void contract.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978 —

*Pettigrew & Trippe, David R. Trippe,* for appellant. Marty I. Heller, *pro se.*

*O'Callaghan, Saunders & Stumm, Richard L. Stumm, B. Lee Crawford, Jr.,* for appellees.