On Rehearing

Counsel for the appellant, Woodbury, argues that Fuller v. Kolb, 238 Ga. 602, 234 S.E.2d 517 (1977) is not controlling in the instant ease because of the existence of the “full bench rule.” In effect, the “full bench rule” required a unanimous decision of the supreme court to overrule a unanimous decision of that court. Woodbury contends Kirshbaum v. Jones, 206 Ga. 192, 56 S.E.2d 484 (1949) is controlling precedent in that it was rendered by a full bench; consequently, Fuller could not overrule it because only six justices participated in Fuller which is less than required by the rule.
We point out the case of Hall v. Hopper, 234 Ga. 625, 216 S.E.2d 839 (1975), which said the “full bench rule” has been repealed and that the repeal occurred sometime ago. Furthermore, the court noted Ward v. Big Apple Super Markets, 223 Ga. 756, 158 S.E.2d 396 (1967) in which the court agreed the “full bench rule” had “not had legal existence since the adoption of the 1945 Constitution . . . Art. VI, Sec. II, Par. VII’of that Constitution (Code Ann. § 2-3707) expressly withdrew the power from the General Assembly to enact regulations governing the manner in which this court could hear and determine cases
We therefore reaffirm our holding that Fuller is controlling in this case and find no merit in Woodbury’s argument on rehearing.
APPLICATION FOR REHEARING OVERRULED. OPINION EXTENDED.
WRIGHT, P. J., and HOLMES, J., concur.