## 37179. GUFFEY et al. v. SHELNUT & ASSOCIATES, INC.

HILL, Presiding Justice.

This case involves a restrictive covenant in an employment contract. The former employees urge that such covenants must be limited as to territory. The employer urges that this is not a covenant against competition but is a covenant against customer solicitation (customer diversion), that such a covenant by its nature is limited as to territory by the location of those customers, and that the employment contract therefore need not specify the restricted territory by designated states or political boundaries.

Shelnut & Associates, Inc., a Richmond County corporation in the business of selling tax-sheltered annuity plans and other related insurance services to teachers through school systems throughout the southeast and other states, sued Guffey, a former manager, and Edge, a former sales agent.

The complaint alleged that Guffey had signed an employment contract with the plaintiff under which he was given responsibility

for recruiting and training sales agents and developing business in North Carolina and other territory to be approved by the corporation. This agreement contained a restrictive covenant which provided in pertinent part as follows: "For a period of three (3) years after the termination of this Agreement, the manager will not, directly or indirectly, solicit variable annuity, disability, tax-sheltered annuity, or life insurance sales from those policyholders and school systems that are doing business with the Company at the date of Manager's termination. . . . Within ninety (90) days following the termination of employment, company will furnish manager with a list of all policyholders, and school systems referred to above."[1]

The complaint was amended to allege that while employed by plaintiff, Guffey had sold to 23 school systems in South Carolina, 14 in Tennessee, 4 in Louisiana, 3 in Georgia, 2 in Florida, 1 in Alabama, 1 in Virginia, 1 in West Virginia, and 1 in Ohio.

At a hearing on the plaintiff's prayer for temporary injunction and the defendants' motions to dismiss, the trial court overruled the motions to dismiss and granted the plaintiff a temporary injunction. The trial court temporarily enjoined defendant Guffey from directly or indirectly soliciting sales from those policyholders and school systems doing business with plaintiff as of the date of termination of employment that he had dealt with while working for plaintiff (specified above), and provided that the injunction would be expanded when plaintiff filed a verified list of the school systems doing business with plaintiff on the date of termination of Guffey's employment. Defendant Edge was enjoined from aiding or assisting defendant Guffey in the solicitation of plaintiff's policyholders.

The plaintiff supplied the verified list of school systems doing business with plaintiff on the date of termination. It included almost 300 school systems in 16 states (Alabama (17), Florida (18), Georgia (16), Kansas (2), Kentucky (20), Louisiana (33), Mississippi (8), Missouri (1), North Carolina (46), Ohio (22), Oklahoma (2), South Carolina (49), Tennessee (24), Texas (4), Virginia (11), and West Virginia (18)).

On appeal, the defendants contend that the trial court erred in refusing to grant their motions to dismiss and in granting the plaintiff

---

[1] The other defendant, Edge, had no restrictive covenant in his employment contract and was joined as a defendant solely because he was engaged in business with Guffey in alleged violation of the covenant in Guffey's contract.

The complaint also alleged that the defendants were using plaintiff's "trade secrets" and were making false and malicious accusations against plaintiff, but these matters are not involved in this appeal.

an interlocutory injunction. Decision of this case therefore requires determination of the validity of the restrictive covenant in the employment contract.

The employee was prohibited from soliciting sales from those policyholders and school systems doing business with the employer at the date of his termination, but the covenant contained no territorial description. The employee contends that a territorial description is a prerequisite to the validity of the covenant. The employer contends that the present case is a "customer solicitation" (customer diversion) case to which the traditional territorial rule should not apply and urges this court to adopt a less restrictive rule in dealing with such covenants. In support of its position, the employer contends that a covenant prohibiting customer solicitation is reasonable for several reasons: the covenant allows former employees to compete in the same territory with the former employer provided the employee does not solicit clients or customers of the former employer; it provides notice to the employee of the persons with whom he cannot do business; it is necessary to preserve the employer's regular clients and customers; and it is the only type of covenant which can be both valid and adequate to deal with a business involving a geographically diverse area of operation.

The employer urges that this is a question of first impression in this state. Although we may not have heretofore expressly distinguished between covenants prohibiting competition as opposed to covenants prohibiting customer solicitation, we have heretofore considered such covenants.[2]

In *Edwin K. Williams & Co. v. Padgett,* 226 Ga. 613 (176 SE2d 800) (1970), the covenant was interpreted to prohibit the employee from (a) going into business *on his own* in competition with his former employer within a 50-mile radius of Augusta, Georgia, and (b) soliciting for himself or *others* accounts served by the employer. The former employee had gone to work for a competing company. Finding no violation of the first covenant, the court held the solicitation covenant "unreasonable and void because not limited as to territory" (226 Ga. at 614).

In *Colonial Life &c. Ins. Co. v. Byrd,* 227 Ga. 198 (179 SE2d 746) (1971), a case involving insurance sales, the employee had

---

[2] In several cases, the restrictive covenant prohibited both competition and customer solicitation. E.g., *Spalding v. Southeastern Personnel of Atlanta, Inc.,* 222 Ga. 339 (149 SE2d 794) (1966); *Landmark Financial Services v. Tarpley,* 236 Ga. 568 (224 SE2d 736) (1976); *Barry v. Stanco Communications Products,* 243 Ga. 68 (252 SE2d 491) (1979); see also cases discussed hereinafter.

covenanted not to sell or attempt to sell insurance to any of his employer's insureds "in the territory covered by this agreement." The territory covered by the agreement was not set out in the contract and the court held the covenant to be void.

In *Fuller v. Kolb,* 238 Ga. 602 (234 SE2d 517) (1977), the employee had covenanted not to render accounting services for clients of his employer, a certified public accounting firm with offices in four Georgia cities. The court held the covenant void for lack of any territorial limitation. In doing so, it followed the *Padgett* and *Byrd* cases, supra, and overruled *Kirshbaum v. Jones,* 206 Ga. 192 (56 SE2d 484) (1949), which had upheld a covenant prohibiting an employee from soliciting customers "served by the *employee*" during his employment.[3]

In the recent case of *Adcock v. Speir Ins. Agency, Inc.,* 158 Ga. App. 317 (1981), the Court of Appeals had before it a 2-year covenant not to compete within 13 miles of Forest Park, Georgia and a 4-year covenant not to solicit the employer's customers. That court found the covenant not to compete was valid, that the covenant not to solicit customers was invalid for lack of territorial limitation, and that therefore the entire covenant was unenforceable. See *Uni-Worth Enterprises v. Wilson,* 244 Ga. 636, 640 (261 SE2d 572) (1979).

From the foregoing we conclude that the question before us is not an open one. Although a covenant prohibiting solicitation of the employer's customers is less restrictive than a covenant prohibiting competition, both must specify the territory in which the employee is to be foreclosed. A covenant prohibiting solicitation of the employer's customers which does not specify the territory is unenforceable. As this covenant did not specify the territory, the overruling of the defendant's motions to dismiss was error, as was the grant of the injunction.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

DECIDED MAY 26, 1981 —
REHEARING DENIED JUNE 16, 1981.

*Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, W. M.*

---

[3] There is a vital difference between the territory in which the employer does business and the territory in which the employee did business. See *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183-184 (236 SE2d 265) (1977); *Barry v. Stanco Communications Products,* 243 Ga. 68, 70 (252 SE2d 491) (1979). See also Merrill Lynch, Pierce, Fenner & Smith v. Stidham, 506 FSupp. 1182, 1189-1190 (M. D. Ga. 1981).