77683, 77684. SPECIALIZED ALARM SERVICES, INC.
v. KAUSKA; and vice versa.
(377 SE2d 703)

BEASLEY, Judge.

Specialized Alarm Services, Inc. (SAS) sued Kauska for breach of an employment contract by soliciting business from its potential customer and fraudulently procuring business with the customer. Kauska denied that he was ever the company's employee, denied soliciting customers, and contended that the subject contract was void and unenforceable because of the lack of an employer/employee relationship and because the contract did not have any geographical restrictions in its non-competition clause. He counterclaimed for abusive litigation, seeking damages, attorney fees and expenses of litigation.

The case went to trial. At the close of the case in chief, defendant's counsel indicated to the court that he had a motion to make. Although counsel did not state what the motion was it was apparent from the beginning of argument that defendant was moving for a verdict in his favor. Discussion between defendant's counsel and the court ensued. The court voiced its concern about the lack of geographical restriction in the contract, and then said to defendant's counsel, "If you're making a motion to dismiss the complaint I'll grant it." Counsel indicated he was "making the motion." Plaintiff was given opportunity to respond.

Following further discussion, the court told defendant's counsel it would "grant [his] order." The court stated, "If you take an order dismissing the complaint, you dismiss the counterclaim." Counsel responded that defendant wanted to proceed on the counterclaim. The court insisted that if defendant dismissed his complaint, the court would dismiss the counterclaim. Counsel then moved for a directed verdict on the complaint stating that he had not moved to dismiss it. The court informed counsel that he could not move for a directed verdict at that point because all the evidence had not been completed, that defendant would have to move for a nonsuit which would dismiss the counterclaim as well. Counsel acquiesced, stating that defendant would move for a nonsuit and to dismiss. The trial court granted a nonsuit.

The judgment stated that defendant had moved for a directed verdict and was entitled to a verdict on plaintiff's complaint as a matter of law, and it ordered that both the complaint and the counterclaim be dismissed.

## Case No. 77683

Plaintiff SAS appeals the judgment contending, inter alia, that the trial court erred by granting a nonsuit and not allowing the issues to go to the jury.

1. " 'The remedy of nonsuit as formerly available under Code § 110-310 no longer exists.' [Cit.] Code § 110-310 was specifically repealed by the Civil Practice Act. Code Ann. § 81A-201 (dd). . . [Under the Civil Practice Act, OCGA § 9-11-50,] [i]n jury cases the defendant has an analogous right to move for a directed verdict. [Cit.]" *National Carloading Corp. v. Security Van Lines*, 164 Ga. App. 850, 851 (1) (297 SE2d 740) (1982); see also *Todd v. Waddell*, 120 Ga. App. 20, 22 (1) (169 SE2d 351) (1969). Therefore, the trial court erred in determining that Kauska should have moved for a nonsuit rather than a directed verdict.

Although the court termed its action the grant of a nonsuit, the essence of the decision and its legal effect as to the complaint was to grant a directed verdict in favor of Kauska. The question then becomes whether or not Kauska was entitled to a directed verdict on SAS's claims.

The claims rested on the validity of the non-competition provision in what it contended was a signed employment agreement with Kauska. The contract consisted of a "non-disclosure/confidentiality agreement" and a "supplemental employment agreement" and was introduced into evidence.

The non-competition provision in the supplemental agreement provided in part, "Employee further agrees that for a period of six (6) months following the termination of his employment by SAS, for whatever reason, not to contact or solicit any customer of SAS for the purpose of providing to such customer of SAS any security equipment, installation or services of the type provided or which may be provided by SAS." While restricted in time, the provision contained no territorial parameter.

"Although a covenant prohibiting solicitation of the employer's customers is less restrictive than a covenant prohibiting competition, both must specify the territory in which the employee is to be foreclosed. A covenant prohibiting solicitation of the employer's customers which does not specify the territory is unenforceable." *Guffey v. Shelnut & Assoc.*, 247 Ga. 667, 670 (278 SE2d 371) (1981).

Inasmuch as the covenant at issue was unenforceable, SAS's complaint for breach of it could not prevail, as a matter of law. Nor could the claim of fraud stand. Kauska had no valid contractual obligation to SAS not to solicit its customers; therefore, it could not claim damage from Kauska's procurement of work from the potential customer. Any evidence of possible fraud in the transaction with the customer

would not enliven SAS's claims for there was no evidence that any misrepresentations were made with the intention and purpose of deceiving SAS, that SAS relied on the representations, or that SAS was damaged thereby. Under the evidence presented, SAS could not recover for fraud, as a matter of law. See *Eckerd's Columbia v. Moore,* 155 Ga. App. 4, 5 (1) (270 SE2d 249) (1980).

Kauska was properly due a verdict in his favor on the main claim at the close of plaintiff's case.

2. SAS's contention that the trial court failed to rule on its motion to strike the counterclaim pursuant to OCGA § 9-11-12 (f) provides no basis for reversal. The motion was an inappropriate one to accomplish the apparent purpose of dismissal of the counterclaim. OCGA § 9-11-12 (f) provides that upon a party's timely motion or on the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The subsection does not embrace the striking of the substance of an entire claim. OCGA §§ 9-11-12 (b) (6), (c) and 9-11-56 are statutory vehicles for this.

3. It is unnecessary to address SAS's remaining contentions because of the ruling in Division 1.

## Case No. 77684

Defendant Kauska cross-appeals contending that the court erred in failing to grant his motion for directed verdict and in dismissing his counterclaim.

1. We have already held above that Kauska merited the grant of a directed verdict on SAS's complaint and that the effect of the trial court's action was to grant Kauska judgment on the main claim.

2. The trial court erred in concluding that a verdict for Kauska on the main claim required the dismissal of his counterclaim for abusive litigation. It erred in compelling Kauska to choose between prevailing on the complaint with dismissal of his counterclaim or foregoing the favorable verdict at that point in the case. The directed verdict on SAS's claim did not extinguish Kauska's claim or, by his moving for the directed verdict, waive Kauska's claim.

Following the court's removal of the main case from the jury's consideration, the court should have permitted Kauska to present his evidence in support of his claims of abusive litigation. *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986). The trial court's judgment dismissing the counterclaim must be reversed and Kauska given the opportunity to litigate his claim.

*Judgment affirmed in Case No. 77683. Judgment reversed with direction in Case No. 77684. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1989 —
REHEARING DENIED JANUARY 19, 1989 — 

*George P. Graves,* for appellant.
*D. Nicholas Winn,* for appellee.