W.R. GRACE & CO., DEARBORN DIVISION—CONN., Plaintiff–Appellant,

v.

Pierre MOUYAL, Defendant–Appellee,

Omnikem, Inc., Defendant.

No. 91–8697.

United States Court of Appeals, Eleventh Circuit.

April 28, 1992.

---

William S. Myers, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Ga., for plaintiff-appellant.

Terrence McQuade, Glass, McCullough, Sherrill & Harrold, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

BIRCH, Circuit Judge:

This diversity case involves the enforceability of a no-solicitation clause. In connection with his employment with plaintiff-appellant Dearborn Division of W.R. Grace & Co.—Conn. ("Dearborn"), defendant-appellee Pierre Mouyal signed an employment contract containing a no-solicitation clause. For the eighteen-month period following Mouyal's employment at Dearborn, the clause prohibited Mouyal from soliciting the Dearborn customers or prospects that he had contacted while employed at Dearborn. After leaving Dearborn, Mouyal joined a competing company and allegedly contacted clients in violation of the no-solicitation clause.

Dearborn sued Mouyal in federal district court and initially obtained preliminary relief. However, after briefing and a hearing on the matter, the district court vacated the preliminary injunction that it had previously granted. The court held that no-solicitation clauses in Georgia must contain explicit territorial limitations, even if the prohibition on solicitation extends only to the customers actually contacted by the employee while with the employer (as opposed to extending to all the customers of an employer). Accordingly, because the clause in Mouyal's contract was not explicitly limited in territorial scope, the court ruled that Dearborn was not entitled to an injunction under Georgia common law.

On appeal, the parties have cited a plethora of Georgia cases on the enforceability issue, none of which clearly controls the outcome of this case. Because the unresolved question of law determinative of this case is an important one, we believe that certification is appropriate. Certification of this question will allow the Georgia Supreme Court to clearly explain the Georgia common law governing no-solicitation clauses. We note that the resolution of these common law questions are particularly important in light of the Georgia Supreme Court's recent invalidation of legislative attempts to regulate in the same area. *See Jackson & Coker, Inc. v. Hart*, 261 Ga. 371, 405 S.E.2d 253 (1991). We therefore certify one question to the Supreme Court of Georgia in accordance with Georgia law. *See* Ga. Const. art. VI, § 6, ¶ 6; O.C.G.A. § 15-2-9 (1990); Ga.Sup.Ct.R. 37.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH VI OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:

I. STYLE OF THE CASE

The style of the case in which this certification is made is as follows: Dearborn Division of W.R. Grace & Co.—Conn., plaintiff-appellant, versus Pierre Mouyal, defendant-appellee, case number 91–8697, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The employment contract signed by Mouyal contained the following provision:

*Employee agrees that during the period of eighteen months immediately following cessation of Employee's employment with Dearborn, Employee shall not,* on Employee's own behalf or on behalf of any person, firm, partnership, association, corporation or business organization, entity or enterprise, *solicit, contact, call upon, communicate with or attempt to communicate with any customer or prospect of Dearborn,* or any representative of any customer or prospect of Dearborn, with a view to sale or providing of any product, equipment or service competitive or potentially competitive with any product, equipment or service sold or provided or under development by Dearborn during the period of two years immediately preceding cessation of Employee's employment with Dearborn, *provided that the restrictions set forth in this section shall apply only to customers or prospects of Dearborn, or representatives of customers or prospects of Dearborn, with which Employee had contact during such two-year period....* The actions prohibited by this section shall not be engaged in by Employee directly or indirectly, whether as manager, salesman, agent, sales or service representative, engineer, technician or otherwise.

Appellee Br. at 6–7 (emphasis added). When his employment with Dearborn ended, Mouyal became an officer and director of a company that competed with Dearborn. Within the eighteen-month time frame, Mouyal allegedly solicited a Dearborn customer with which Mouyal had contact while in the employ of Dearborn.

Dearborn sued Mouyal, basing its complaint in part on Mouyal's alleged violation of this no-solicitation provision. Dearborn obtained preliminary relief pending the parties' preparation of the issues. After briefing and a hearing, the district court agreed with Mouyal that the provision could not be enforced under Georgia law. The court held:

> After reviewing the briefs submitted by the parties, the Court concludes that, under Georgia law, a covenant not to solicit must contain an express territorial limitation. The absence of such a limitation renders the covenant unenforceable. Thus, the covenant not to solicit contained in Pierre Mouyal's employment contract with [Dearborn] is unenforceable.

Order of the District Court dated July 16, 1991, at 2–3 (citations omitted). In a footnote, the district court acknowledged Dearborn's argument that a territorial limitation was inherent in the clause because it only prohibited the solicitation of customers "with which [Mouyal] had contact" while at Dearborn, leaving Mouyal free to solicit the Dearborn customers that Mouyal had not personally contacted while at Dearborn. Nevertheless, the court dismissed the contention because it found in Georgia law an "absolute" requirement that "a covenant not to solicit must 'specify with particularity the territory in which the employee is restricted from soliciting.'" *Id.* at 2 n. 2 (quoting *Wiley v. Royal Cup, Inc.,* 258 Ga. 357, 358, 370 S.E.2d 744, 745 (1988)). Because Georgia law does not allow a court to sever the unenforceable parts of an employment agreement ("blue pencil"), the district court vacated its earlier injunction.

## III. REASONS FOR CERTIFICATION

After reviewing the briefs filed by the parties as well as the applicable case law, we have concluded that Georgia law may not be as "absolute" as the district court believed it to be. If the no-solicitation provision of Mouyal's contract prohibited Mouyal from soliciting *any customer of Dearborn* without territorial limitation, we would be inclined to agree that the provision was unenforceable under Georgia law. After all, numerous cases in Georgia have struck down similar clauses attempting to shield, without geographic limitation, all of an employer's customers from the competition of a prior employee. *See, e.g., Edwin K. Williams & Co.—East v. Padgett,* 226 Ga. 613, 176 S.E.2d 800 (1970); *Specialized*

*Alarm Servs., Inc. v. Kauska,* 189 Ga.App. 863, 377 S.E.2d 703 (1989). The rationale of cases like *Edwin K. Williams* and *Specialized Alarm* is that it is unfair and burdensome to require an employee to discern all of his prior employer's clients, wherever those clients may be located. In fact, such a broad restriction inadequately notifies an employee of his duties under the clause, perhaps stifling his ability to work in his chosen profession. *See, e.g., Fuller v. Kolb,* 238 Ga. 602, 603–04, 234 S.E.2d 517, 518 (1977).

Here, however, the clause does not forbid the solicitation of *all* of Dearborn's clients; rather, the provision only prevents Mouyal from soliciting *those clients that he had contacted while employed at Dearborn.* Dearborn's argument is that such a provision inherently restricts the territory covered by the no-solicitation bar. Under the terms of Mouyal's agreement, for example, the covered territory is necessarily limited to the areas containing the customers contacted by Mouyal when Mouyal was employed at Dearborn. That such provisions are implicitly limited in territorial scope is especially patent when one considers that employees (like Mouyal) often service particular sales territories and the clients within those territories. On this basis, Dearborn distinguishes cases like *Fuller, Specialized Alarm,* and *Edwin K. Williams,* opinions adjudicating "all clients of the employer" no-solicitation clauses.

Dearborn's contention is not without support in the Georgia case law. For example, in *Guffey v. Shelnut & Assocs.,* 247 Ga. 667, 278 S.E.2d 371 (1981), the Georgia Supreme Court invalidated a clause which forbade the solicitation of any of an employer's clients because it was without territorial limitation, but noted in dicta that "[t]here is a vital difference between the territory in which the employer does business and the territory in which the employee did business." *Id.* at 670 n. 3, 278 S.E.2d at 373 n. 3. In addition, the Court in *Wiley v. Royal Cup, Inc.,* 258 Ga. 357, 370 S.E.2d 744 (1988), intimated that it would be willing to recognize the distinction pressed by Dearborn:

[T]erritorial restrictions which relate to the territory in which the employee worked are generally enforceable.... "[A] court will accept as prima facie valid a covenant related to the territory where the employee was employed as a legitimate protection of the employer's investment in customer relations and good will. *Thus a court will enforce an agreement prohibiting an employee from pirating his former employer's customers served by the employee during the employment, at the employer's direct or indirect expense."*

*Id.* at 358–59, 370 S.E.2d at 745 (emphasis added) (quoting *Howard Schultz & Assocs. v. Broniec,* 239 Ga. 181, 184, 236 S.E.2d 265, 268 (1977)). Because the clause in Mouyal's agreement only seeks to prevent Mouyal from pirating the contacts Mouyal cultivated at Dearborn, and does not seek to broadly prohibit Mouyal's competition with each and every Dearborn client, cases like *Wiley* suggest that Georgia may want to enforce such clauses notwithstanding the absence of an explicit territorial limitation.

Dearborn's position is supported by language from other Georgia cases as well. *See, e.g., Uni–Worth Enters. v. Wilson,* 244 Ga. 636, 639, 261 S.E.2d 572, 575 (1979) (suggesting that a no-solicitation clause might be enforceable because it "merely prohibit[s] the employee from calling upon or taking away customers or accounts of the employer solicited or contacted by the employee during his term of employment"); *Nationwide Advertising Serv., Inc. v. Thompson Recruitment Advertising, Inc.,* 183 Ga.App. 678, 685, 359 S.E.2d 737, 744 (1987) (striking down a no-solicitation clause because it prevented solicitation "regardless of whether the employee actually had contact with that client while employed by [the employer]"). More important, however, is the fact that enforcing the no-solicitation clause in Mouyal's contract will not violate the policy of the cases that have announced the "bright-line" territorial rule. Although it may be unfair and burdensome to require an employee to discern each and every client of an employer before joining a competing business, it seems more reason-

able to require an employee to refrain from soliciting only those clients that he knows he contacted while performing his duties for his former employer. *See Merrill Lynch, Pierce, Fenner & Smith v. Stidham,* 658 F.2d 1098, 1101 (5th Cir. Unit B Oct. 1981) (interpreting Georgia law).

Mouyal's rebuttal position—that Georgia law requires an explicit territorial restriction for *any* no-solicitation clause in an employment contract—is also supported by Georgia case law. Many of the "any customers of the employer" cases contain broad language that would support such a mechanical rule. *E.g., Wiley,* 258 Ga. at 350, 370 S.E.2d at 745 ("[A] covenant not to solicit must specify with particularity the territory in which the employee is restricted from soliciting."). In addition, the one Georgia case that upheld a no-solicitation clause that was limited to the clients "served" by the employee, *Kirshbaum v. Jones,* 206 Ga. 192, 56 S.E.2d 484 (1949), was disapproved of in *Fuller v. Kolb. See* 238 Ga. at 604, 234 S.E.2d at 518.[1] Finally, we also note that our predecessor court has interpreted Georgia law on this question in a manner that supports Mouyal's position. *See Merrill Lynch,* 658 F.2d at 1101 ("The Supreme Court of Georgia has injected a bright-line test into this area by requiring an express *geographical* description of the territory covered [by a no-solicitation clause].").

As we see it, the positions of both parties in this case are supported by Georgia cases and policy arguments. No Georgia decision is directly on point. We therefore believe that the question of law involved in this case is an open one.[2] Because the question is also important, potentially governing scores of employment contracts in the state of Georgia, we find that the issue is appropriate for certification. According-

ly, we respectfully certify the following question of law to the Georgia Supreme Court and the Honorable Justices of that Court.

## IV. QUESTION FOR CERTIFICATION

(1) WHETHER, AS A MATTER OF LAW, A NO-SOLICITATION CLAUSE IN AN EMPLOYMENT CONTRACT THAT PROHIBITS THE SOLICITATION OF THE EMPLOYER'S CLIENTS THAT THE EMPLOYEE ACTUALLY CONTACTED WHILE SERVING THE EMPLOYER, SUCH AS THE NO-SOLICITATION CLAUSE INVOLVED IN THIS CASE, IS ENFORCEABLE IN GEORGIA NOTWITHSTANDING THE ABSENCE OF AN EXPLICIT GEOGRAPHICAL LIMITATION.

Our statement of this question is not intended to limit the inquiry of the Georgia Supreme Court. In answering the certified question, the Georgia Supreme Court should not feel constrained by the particular phrasing of the question. Instead, the Supreme Court is at liberty to consider the problems and issues involved in this case as it perceives them to be. In order to assist the Supreme Court, the entire record in this case, and copies of the briefs of the parties, are transmitted herewith.

QUESTION CERTIFIED.

---

1. If *Fuller* was also a "clients served (or contacted) by the employee" case, we might view the disapproval of *Kirshbaum* as dispositive. However, *Fuller* was an "any customers of the employer" case, a factual distinction which at least calls into question the extent to which *Kirshbaum*'s precedential force was derogated by the discussion in *Fuller.* Moreover, many of the cases cited by Dearborn were decided after *Fuller.*

2. We recognize that our predecessor court declined to certify a similar question in 1981. *See Merrill Lynch,* 658 F.2d at 1101 n. 7. Nevertheless, we believe that the distinction pressed by Dearborn may be valid and is at least viable given the Georgia cases decided after 1981. For these reasons, the law on this issue is now unresolved, making certification appropriate.