**W.R. GRACE & CO., DEARBORN DIVISION—CONN., Plaintiff– Appellant,**

v.

**Pierre MOUYAL, Defendant–Appellee,**

**Omnikem, Inc., Defendant.**

No. 91–8697.

United States Court of Appeals, Eleventh Circuit.

Feb. 4, 1993.

Margaret H. Campbell, William S. Myers, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, GA, for plaintiff-appellant.

Terrence McQuade, S. Andrew McKay, Glass, McCullough, Sherrill & Harrold, Atlanta, GA, for defendant-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

BIRCH, Circuit Judge:

On April 28, 1992, we issued an opinion in this case in which we requested the Georgia Supreme Court's assistance with respect to a certified question concerning the enforceability of a non-solicitation clause contained in an employment agreement. *See* 959 F.2d 219 (11th Cir.1992). Notwithstanding our suggestion that the Supreme Court of Georgia should not feel constrained by the particular phrasing of the certified question, the Supreme Court limited its decision to the particular phrasing of the question while noting that the question was broader and narrower in some respects than the non-solicitation

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

clause at issue. *See W.R. Grace & Co. v. Mouyal,* 262 Ga. 464, 422 S.E.2d 529, 531 n. 1 (1992).

Despite its concern as to breadth, the Georgia Supreme Court's decision disposes of the issues presented in this case. That court found that a non-solicitation clause in an employment contract need no longer contain a geographical restriction. As long as the scope of restriction is defined in a manner that is explicit, does not require the restricted employee to speculate as to the bounds of the restriction, and does not overreach, the Georgia Supreme Court appears amenable to allowing enforcement. Thus, a non-solicitation clause is enforceable if the restriction is limited to the employer's customers which the former employee contacted while in the service of the employer.

This approach is consistent with the underlying rationale of non-solicitation clauses; that is, the employer should be allowed to prevent a former employee from benefiting from the expenditures made by the employer to further the employer's business. Moreover, this type of restriction clearly delineates the extent to which a former employee is limited in soliciting business from contacts made while in the employer's service. Such a restriction defines the boundaries of the non-solicitation agreement, albeit not necessarily geographical ones.

An employer's ability to restrict the competitive activities of former employees without slavish adherence to geographical boundaries reflects the nature of contemporary commercial activity. In an age of commerce where technology enables business to be conducted across continents and oceans by electronic impulse and jet propulsion, it is not surprising that the law must be redefined to maintain its currency and usefulness. It appears that the Georgia Supreme Court, in its certified opinion, has moved the Georgia restrictive covenant law into the twentieth century, with a weather-eye towards the twenty-first, and thereby has enhanced the competitiveness of Georgia's business citizens while accommodating the individual worker's need to fairly earn a living.

We REVERSE the decision of the district court and REMAND for further proceedings consistent with this opinion and that of the Georgia Supreme Court.