## 31518. McNEASE v. NATIONAL MOTOR CLUB OF AMERICA, INC.

Hall, Justice.

Appellant appeals from a permanent injunction issued by the Superior Court of Decatur County restraining him from engaging in certain competitive activities in violation of an employment contract.

Appellant and appellee entered into an employment contract on April 27, 1974, whereby appellant was to sell

National Motor Club memberships (automobile insurance) in Decatur and Miller Counties and in the cities of Bainbridge and Colquitt. The contract contained a restrictive covenant providing that appellant would not compete with the appellee in any territory in which appellant had worked for a period of three years following termination of his employment. This noncompetition provision was also made applicable to any new territory to which the employee might be transferred or newly assigned in the future. The contract could be terminated by either party upon fifteen days written notice; the company could terminate the contract without notice if the employee violated the terms of the contract or the laws of the state.

In January 1975 National promoted the appellant to the position of district manager of the southwest quadrant of Georgia. No new employment contract was entered into at that time. Appellant was dismissed by appellee without prior notice on September 20, 1975. He was employed by American Auto Club in October 1975 as its general manager. In that position appellant was responsible for managing the sales of American's automobile insurance throughout Georgia. As a result of appellant's employment with the American Auto Club, appellee brought suit to enforce appellant's employment contract with National Motor Club. Appellant admits that in his new position he has solicited National's salesmen and members and that he has sold automobile insurance in the same territory in which he worked for National. He defends his actions on the theory that he was terminated without cause and without the required fifteen-day written notice, or in the alternative, that the covenant of noncompetition is void as against public policy. The trial court found that the appellant was validly discharged without prior notice and that the noncompetition provision is valid and enforceable. The court enjoined appellant from violating the contract terms for a period of three years in the area identified by appellant as his managerial territory.

1. Appellant contends that the admitted failure of appellee to give him fifteen days written notice prior to the termination of his employment is a breach of the

contract which relieves his obligation under the noncompetitive covenant of the agreement. The termination provision is as follows: "This agreement may be terminated by either party hereto upon fifteen (15) days written notice to the other party... Company retains the right to terminate this agreement if employee has violated the terms of the agreement or the laws of the state in which he operates."

The evidence supports the trial court's findings that appellant violated the terms of the agreement. His employment was therefore properly terminated without notice under the contract.

2. Georgia law provides that contracts in restraint of trade or tending to lessen competition are against public policy and are therefore void. Code Ann. § 20-504; Georgia Constitution, Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701). Covenants against competition in employment contracts are considered in partial restraint of trade and are to be tolerated only if "strictly limited in time and territorial effect and [are] otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284, 285 (227 SE2d 251) (1976). See also *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818 (1976); *Federated Mut. Ins. Co. v. Whitaker,* 232 Ga. 811, 814 (209 SE2d 161) (1974); *Purcell v. Joyner,* 231 Ga. 85, 86 (200 SE2d 363) (1973). The reasonableness of the restraints is a question of law for determination by the court. *Edwards,* supra; *Pelfrey,* supra, at 285; *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160, 162 (160 SE2d 356) (1968).

The noncompetition covenant under consideration in this case provides in pertinent part: "Employee hereby expressly covenants and agrees that at no time during the course of his employment, or for a period of three (3) years immediately following termination of this employment (regardless of whether said termination is voluntary or involuntary), in any territory in which he has worked, will he, ... call upon any member of said Company for the purpose of soliciting and/or selling to any of the members of National Motor Club, any membership in another motor club or similar organization, nor will he in any way

. . .solicit, divert, or take away any such members of the Company during the term of his employment, or for three (3) years immediately following the termination of this agreement in the territory in which he had worked, nor willingly enter into or engage in the motor club or automobile association business or such similar organization. In the event Employee shall be transferred within the state by the Company, or to any other state served by the Company, Employee agrees that the agreements herein contained shall apply to the new territory in which said Employee is assigned as well as to the initial territory."

We find this restrictive covenant unenforceable for the following reasons. While it might have been reasonable for the appellee to·prohibit an employee from selling or soliciting memberships in other motor clubs in territories in which he had worked for a period of three years following termination, it was unreasonable to prohibit an employee from engaging in the motor club or automobile association business without restricting the employee as to the kind and character of activity in which he could not engage. Under this clause of the contract the employee is in effect prohibited from working in any capacity for a competitor, even in positions unrelated to solicitation and sales. See *Whitaker,* supra, at 814-815; *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 357 (133 SE2d 338) (1963). This restriction is larger than is necessary to protect the employer and is therefore unreasonable.

The noncompetition covenant and its provisions are made applicable to any new territory within or without the State of Georgia to which an employee might be assigned in the future. Under this court's recent decision in *Orkin Exterminating Co. v. Pelfrey,* supra, at 285, provisions of an employment contract which allow the employer to assign the employee to new territory, with the restrictive covenants following him wherever he might be assigned, are too indefinite to be enforced.

For the foregoing reasons the noncompetition paragraph of the contract in question is unenforceable, even though the contract contained a severability clause.[1]

---

[1] The severability clause provides: "This Agreement

If a contract contains illegal and unenforceable clauses within a restrictive covenant, the entire covenant must fail because this court has refused to apply the blue-pencil theory of severability. *Whitaker,* supra, at 815; *Purcell,* supra, at 86: *Rita Personnel Services v. Kot,* 229 Ga. 314, 317 (191 SE2d 79) (1972). The trial court erred in issuing a permanent injunction against the appellant.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Jordan, J., who dissents.*

ARGUED SEPTEMBER 15, 1976 — DECIDED DECEMBER 1, 1976.

*Gilberg, Baynard & Owens, Leonard H. Gilberg, Conger & Conger, J. Willis Conger, Leonard H. Conger,* for appellant.

*Harold Lambert, Gilbert J. Murrah,* for appellee.

shall be severable, and in the event any provision hereof shall be in violation of the laws of the State, or otherwise unlawful, the remainder of said Agreement shall remain in full force and effect between the parties."