33983. BROWNING et al. v. ORR et al.

PER CURIAM.

This appeal is from the dismissal of a complaint for injunction and other relief.

Browning sued Orr and her employers, alleging: Orr entered into a contract with Browning to solicit orders for his products. The contract provided: "In the event of cancellation, representative shall not solicit orders for products similar to or competitive with Pioneer's products within the counties enumerated in paragraph 1 for a period of twelve months following the effective date of cancellation. Representative further agrees that for said period of twelve months he shall not personally, or as a partner, or as a member of management of another organization participate in the manufacture or distribution of products similar to or competitive with Pioneer's products, within said counties." Orr canceled

her employment contract and has accepted employment with the other defendants to sell products in competition with those of Browning in violation of the quoted covenant.

The trial judge held that the contract "is overly broad and unreasonable by reason of the limitations on employment imposed by the second sentence of paragraph 11 which would prohibit defendant Orr's employment in the 'manufacture' of competing products in the defined area." The complaint was dismissed for failure to state a claim.

The appellant Browning asserts that the court erred in finding that the second sentence of the covenant not to compete is overly broad and unreasonable; and that, even if unreasonable, the court should have considered the first and second sentences as separate covenants.

The second sentence of the quoted provision of the contract imposes a greater limitation upon the employee than is necessary for the protection of the employer because the employee may not "participate in" the "manufacture" or distribution of products similar to, or competitive with, the employer's products, which would prevent her employment in capacities dissimilar from her employment with the appellant, the soliciting of orders. *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 184 (2) (236 SE2d 265) (1977).

This court has previously rejected the "blue pencil theory of severability" of an unreasonable restriction in an employment contract. *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972).

The trial judge did not err in finding that the covenant not to compete was illegal, and in dismissing the complaint for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 17, 1978.

*Wayne F. Browning, Jr.,* for appellants.
*Donald A. Weissman, Katz, Paller & Land, James Killough,* for appellees.