## 35383. PURITAN/CHURCHILL CHEMICAL COMPANY v. EUBANK.

PER CURIAM.

This is an appeal from the denial of appellant's petition for a preliminary injunction. Appellant Puritan sued appellee Eubank, a former employee, for damages arising out of Eubank's alleged violation of certain covenants not to compete contained in his employment contract with Puritan. Puritan also sought to enjoin Eubank temporarily from his continued competition with Puritan alleging that it had no adequate remedy at law.

In denying Puritan a preliminary injunction against Eubank, the trial court found that Eubank had been employed solely as a salesman for Puritan, and that he is now self-employed as a salesman of sanitary maintenance supplies and chemicals in competition with Puritan. There is no dispute that Eubank had entered into an employment contract with Puritan at the outset of his eleven-year period of employment. The contract contained restrictive covenants providing in part as follows: "Representative does expressly covenant and agree that ... for a period of two years immediately following the ter-

mination of such employment he will not . . . 1. Solicit orders for sanitary maintenance chemicals and other chemical specialties, supplies and equipment, or for engineering and maintenance services in connection therewith, for distribution to institutional, industrial, commercial and governmental consumers. 2. Contact for the purpose of diverting any of the customers or accounts of Puritan's business as described [elsewhere in this contract]. 3. Own, manage, control, operate or participate in the ownership, management, or control, or engage as a sales representative or sales executive, of any business which engages in any phase of the business described [elsewhere in this contract]."

Assuming for the sake of argument that the territorial limitations of these covenants were reasonable, we agree with the trial court that the limitations of Eubank's activities after termination of his employment with Puritan were unreasonable considering the business interest of Puritan sought to be protected. See *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 182 (236 SE2d 265) (1977). Eubank worked only as a salesman for Puritan. However, the restrictive covenants at issue prevent him from owning, managing, controlling, operating or even participating in owning, managing or controlling any business which is in competition with Puritan. As we held in *Browning v. Orr,* 242 Ga. 380, 381 (249 SE2d 65) (1978), language which restricts employees from activities in a much more limited fashion than is necessary for the protection of the employer will not withstand the reasonableness test so as to uphold the covenant. See *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284, 285 (227 SE2d 251) (1976). Since restrictive covenants must be reasonable in this regard as well as strictly limited in time and territorial effect, a covenant failing in reasonableness for any of these three reasons cannot be upheld.

With regard to the severability clause contained in these covenants, it is well-settled that courts may not "blue-pencil" an invalid covenant in an employment contract so as to render it enforceable. *Rita Personnel Services v. Kot,* 229 Ga. 314, 317 (191 SE2d 79) (1972). But see *Jenkins v. Jenkins Irrigation, Inc.,* 244 Ga. 95 (259

SE2d 634) (1979) as to covenants not to compete in conjunction with the sale of a business.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 7, 1979 —
DECIDED FEBRUARY 27, 1980.

*Jerry L. Sims, Joseph Lefkoff,* for appellant.
*Harrison, Childs & Hudson, William T. Hudson, Jr., Mobley F. Childs,* for appellee.