38014. MURRAY v. LOWNDES COUNTY BROADCASTING COMPANY.

CLARKE, Justice.

This appeal involves the question of the reasonableness of a covenant not to compete contained within an employment contract. Appellant Murray signed an employment contract with Lowndes County Broadcasting Company, Inc., to work as a sales-man/announcer for radio station WJEM in Lowndes County, Georgia. The contract contained the following language: "Employee agrees that if his employment shall be terminated for any reason he will not engage in the business of announcer, disc jockey, advertisement selling, station manager or director for any other radio station in Lowndes County, Georgia, for a period of two (2) years from the date of termination."

Resigning from his employment with WJEM, Murray accepted employment with another radio station, WGAF, in Valdosta, Lowndes County, Georgia, as general manager. Lowndes County Broadcasting Company filed suit to enforce the terms of its contract. The trial court permanently enjoined Murray from breaching restrictive covenants within his employment contract.

The period of two years and the area of Lowndes County are clearly reasonable as to time and geography. Murray makes no persuasive showing to the contrary. However, he contends that it is otherwise unreasonable in that the restrictions are not reasonably related to the interests sought to be protected and in that the restrictions upon the type job from which he is excluded are unreasonably broad. Murray points out that restrictions which prohibit an employee's working for a competitor in his trade or business in "any capacity" have been consistently struck down by this court. It is true that covenants which restrict the activity of an employee more than necessary to protect the employer have not been favored by this court. *Ward v. Process Control Corp.,* 247 Ga. 583 (277 SE2d 671) (1981); *Puritan/Churchill Chemical Co. v. Eubank,* 245 Ga. 334 (265 SE2d 16) (1980).

However, in the case at hand there was evidence of several positions in the business of radio broadcasting which were not

restricted by the covenant, including that of radio engineer, bookkeeper and others. Therefore, he was not precluded from working in his trade or business for a competitor in "any capacity." There was also evidence that Murray had participated in the development of a format and mode of operation for WJEM, a country music station, and that the station would be harmed if these plans and procedures were revealed to WGAF, also a country music station in the same county.

Because the restrictive covenant in question is reasonable in duration and in geographical limitation and because it is not otherwise unreasonable, we hold that the trial court's judgment in enjoining appellant from the breach of the covenant must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED DECEMBER 3, 1981.

*Gary M. Wisenbaker,* for appellant.
*Reuben H. Yancey,* for appellee.