71723. JARRETT v. HAMILTON et al.
(346 SE2d 875)

DEEN, Presiding Judge.

Appellant Jarrett, a manufacturers' representative for electronic and related products and owner of Jarrett Engineering Sales, employed appellee Hamilton as a sales representative under an employment agreement which included, *inter alia*, a restrictive covenant purporting to prohibit competition with Jarrett within a certain geographical area and within a certain time span following the termination of the employer-employee relationship, should such occur. After

several years' employment, appellee Hamilton informed Jarrett that he had received an inheritance and wished to cut back on his workload and his income for the remainder of the year. Jarrett acceded to this request; shortly thereafter, however, Hamilton terminated his employment and formed his own company, appellee Computer Environmental Systems, Inc., which engaged in direct competition with appellant. A few months later, appellee Exide Electronics Corp. (Exide), one of Jarrett's principal customers, terminated its contract designating Jarrett as its authorized representative, and entered into a contract of the same sort with appellee Hamilton.

Jarrett brought an action against Hamilton, his new firm, and Exide, seeking an interlocutory injunction and actual and exemplary damages for breach of contract, wrongful disclosure, tortious interference with a contract, and conspiracy to wrongfully terminate the contract. The trial court denied the injunction. The defendants answered, and Hamilton counterclaimed for certain commissions allegedly due and not paid. The trial court denied the injunction and made findings of fact and conclusions of law which held that the restrictive covenant was unenforceable because of indefiniteness and overbreadth. Hamilton and Computer Environmental Systems moved for summary judgment on both Jarrett's complaint and the counterclaim. The trial court granted summary judgment on the complaint but found on the counterclaim that there existed genuine issues of material fact which would preclude summary judgment. On appeal, Jarrett enumerates as error the award of summary judgment, alleging that there existed genuine issues of material fact regarding the breach of the covenant not to compete; the agent's fiduciary duty to his employer independent of any non-competition agreement; and conspiracy and tortious interference with contract. *Held*:

1. To be enforceable under Georgia law, a covenant not to compete with a present or former employer must be reasonable and definite as to duration, type of activity prohibited, and territorial limits. *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977). It is the court which determines as a matter of law whether in a given fact situation a provision is unreasonable. *Taylor Freezer Sales v. Sweden Freezer Eastern Corp.*, 224 Ga. 160 (160 SE2d 356) (1968). Because Georgia law rejects the "blue-pencil" theory of severability of contracts, if any one of the non-competition clauses is unenforceable because of indefiniteness, overbreadth, or unreasonableness, then the whole agreement must fail. *Richard B. Rita Personnel Svcs. v. Kot*, 229 Ga. 314 (191 SE2d 79) (1972); *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68 (274 SE2d 329) (1981).

In the instant case we agree with the court below that neither the type of activity forbidden nor the territorial limitation is delineated with sufficient narrowness and definiteness to render the contract en-

forceable. In *Puritan/Churchill Chem. Co. v. Eubank*, 245 Ga. 334 (265 SE2d 16) (1980), appellee was a specialty salesman for appellant. The restrictive covenants in his employment contract read, in pertinent part, as follows: "Representative does expressly covenant and agree that . . . he will not . . . 3. Own, manage, control, operate or participate in the ownership, management, or control, or engage as a sales representative or sales executive, of any business which engages in any phase of the business described. . . ." Id. at 335. The Supreme Court held, at 335, that the limitations on Eubank's activities "were unreasonable considering the business interest of [his former employer] sought to be protected." The court continued: "Eubank worked only as a salesman. . . . However, the restrictive covenants at issue prevent him from owning, managing, controlling, operating or even participating in owning, managing or controlling any business which is in competition with Puritan. [Cits.] . . . [L]anguage which restricts employees from activities in a much more limited fashion than is necessary for the protection of the employer will not withstand the reasonableness test so as to uphold the covenant."

In *McNease v. Nat. Motor Club*, 238 Ga. 53, 56 (231 SE2d 58) (1976), the court had held unenforceable a contract containing a provision similar to that in *Eubank*, supra; "While it might have been reasonable for the [employer] to prohibit an employee from selling or soliciting memberships in other motor clubs in territories in which he had worked . . . , it was unreasonable to prohibit an employee from engaging in the motor club or automobile association business without restricting the employee as to the kind and character of activity in which he could not engage. Under this clause . . . the employee is in effect prohibited from working *in any capacity* for a competitor, even in positions unrelated to solicitation and sales. [Cits.] This restriction is larger than is necessary to protect the employer and is therefore unreasonable." (Emphasis supplied.) The relevant provision of the restrictive covenant contained in Hamilton's employment contract is as follows: "Employee shall not directly or indirectly . . . engage generally in direct competition with the Employer in the employer's business either as an individual on his own or as a partner or joint venturer, or as an employee or agent for any person, or as an officer, director, or shareholder *or otherwise*. . . ." (Emphasis supplied.) We find the words "or otherwise," climaxing a catalogue of specific prohibitions, to be the functional equivalent of the phrase "in any capacity" employed by the court in *McNease*, supra, in testing the challenged provision for reasonableness. Failing this test, as did its equivalent in *McNease*, the provision *sub judice* is unenforceable and infects the entire set of covenants.

Moreover, the way in which the territorial limitations are indicated fails the test of definiteness set forth in *Koger Properties*,

supra, wherein the court expressly held that a territorial limitation not determinable until the time of the employee's termination invalidates the provision and the entire agreement. Accord *Rollins Protective Svcs. Co. v. Palermo*, 249 Ga. 138 (287 SE2d 546) (1982); *Howard Schultz & Assoc. v. Broniec*, supra; *McNease v. Nat. Motor Club*, supra; *Durham v. Stand-by Labor of Ga.*, 230 Ga. 558 (198 SE2d 145) (1973). See also *McNeal Group v. Restivo*, 252 Ga. 112 (311 SE2d 831) (1984). In the instant case the restrictive covenant forbids Hamilton to engage in competitive activity "within 25 miles from existing marketing areas of the Employer in the State of Georgia or any future marketing area of the Employer begun during [employee's] employment . . . ." Therefore, for two reasons the contract must fail, and appellant's first enumeration is without merit.

2. Careful scrutiny of the entire record reveals the existence of no genuine issues of material fact with regard to appellant's contentions concerning the employee's fiduciary duty under the principles of agency and unfair competition, or concerning his allegations of agency, conspiracy, and tortious interference. In the instant fact situation, Georgia case law supports the decision of the trial court. See, e.g., *Pope v. Kem Mfg. Corp.*, 249 Ga. 868 (295 SE2d 290) (1982); *Durham v. Stand-by Labor of Ga.*, supra; *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.*, supra; *Lewis v. Rickenbaker*, 174 Ga. App. 371 (330 SE2d 140) (1985).

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED JUNE 19, 1986.

*Alan B. Waln*, for appellant.
*H. Carol Saul, John J. Dalton*, for appellees.