A94A0968. DOMINY v. NATIONAL EMERGENCY
SERVICES, INC.
(451 SE2d 472)

RUFFIN, Judge.

Appellee National Emergency Services, Inc. commenced this action against appellant Dr. Dale Dominy, alleging breach of a non-competition provision in a 1980 employment agreement in which appellant agreed to perform emergency medical services in hospitals contracting with appellee. In 1981, appellee assigned appellant to the

emergency room at Memorial Hospital and Manor ("MHM") in Bainbridge, Georgia, where he was working in 1987 when that hospital terminated its contract with appellee and contracted with another provider, Coastal Emergency Services ("Coastal"), for emergency room physicians. Appellant continued to perform emergency medical services at MHM under contract with Coastal until 1989. The trial court granted summary judgment for appellee, and this appeal followed.

1. Appellant contends that the trial court erred in granting summary judgment for appellee because the agreement expired in 1983 and thereafter he was an employee at will. We disagree.

The contract provided: "The period of this Agreement shall be for one (1) year from the date hereof, automatically renewable for a like period upon each expiration thereof. . . ." The only reasonable construction of this provision was that the parties intended to contract for the appellant's employment for automatically renewable one-year terms upon the mutual assent of the parties. See *Heyman v. Fin. Prop. Dev.*, 175 Ga. App. 146, 147 (332 SE2d 893) (1985). The fact that the agreement did not set out the mechanics by which mutual assent may be communicated does not invalidate the contract. *Nikas v. Hindley*, 99 Ga. App. 194, 198 (1) (108 SE2d 98) (1959).

The record reveals no attempt by either party to terminate the contract, and it is undisputed that appellant received payment for his services at MHM and other benefits from appellee consistent with the agreement until the hospital terminated its contract with appellee. By their conduct the parties assented to each of the contract's yearly renewals. *American Honda Motor Co. v. Williams & Assoc.*, 208 Ga. App. 636, 644 (5) (431 SE2d 437) (1993). Accordingly, the trial court properly granted summary judgment to the appellee.

2. Appellant challenges the contract's non-competition clause as overly restrictive. The reasonableness of an employment contract's covenant not to compete is determined by "analyzing it in terms of time, territorial effect, and the business interest of the employer sought to be protected. [Cit.]" *Watson v. Waffle House*, 253 Ga. 671, 672 (2) (324 SE2d 175) (1985). This test of "duration, territorial coverage, and scope of activity" is not "an arbitrary rule," but a "helpful tool in examining the reasonableness of the particular factual setting to which it is applied." Id. at 673.

The covenant in this case provides, in pertinent part: "for a period of two (2) years after the termination of this Agreement, however the same may be terminated, Physician shall not directly or indirectly solicit a contract to perform nor perform nor have any ownership or financial interest in any corporation, partnership, or other entity soliciting or contracting to perform emergency medical service *for any medical institution at which Physician has performed the same or similar services under this Agreement or any prior Agreement be-*

*tween Physician and Corporation.*" (Emphasis supplied.) This restriction only prohibits appellant from performing emergency medical services in Memorial Hospital and Manor in Bainbridge, Georgia, where he worked pursuant to a contract with appellee, and from having an ownership or financial interest in an entity contracting to provide emergency medical services to that one hospital. He is not precluded from all practice of medicine, with staff privileges at MHM, nor is he prohibited from providing emergency medical services, directly or under contract to a provider of such services, to other hospitals in the immediate vicinity. We find such a restriction is reasonably limited in duration and territorial effect while it protects appellee's interest in preventing appellant from becoming its competitor immediately after termination of its contract with MHM.

3. Appellant also maintains that the contract's $10,000 liquidated damages provision constitutes an unenforceable penalty. "[A] contract provision will be treated as one for liquidated damages only if all of the following questions are answered affirmatively: first, was the injury caused by the breach difficult or impossible of accurate estimation; second, did the parties intend to provide for damages rather than a penalty; and third, was the stipulated sum a reasonable pre-estimation of the probable loss from the breach. In determining whether a designated sum that is to be paid to one party in the event that the other breaches the contract is a penalty, we must ascertain whether it was inserted for the purpose of deterring the party from breaching the contract, and of penalizing him in the event he should do so, or whether it was a sum which the parties in good faith agreed upon as representing those damages which would ensue if the contract should be breached." (Citations and punctuation omitted.) *Roswell Properties v. Salle,* 208 Ga. App. 202, 205 (3) (c) (430 SE2d 404) (1993).

At the time the parties entered into the contract, they limited appellee's consequential damages to $10,000 for any breach of the following non-competition provisions: whether appellant forms a competing corporation to provide physicians to the hospital, or individually performs emergency medical services for a hospital where he had worked under contract with appellee. According to appellee, $10,000 represents the estimated cost of locating and verifying the credentials of a replacement for the breaching party rather than merely reassigning him to another client hospital in continuation of his contract with appellee.

The contract entitles appellee to liquidated damages "in addition to any and all remedies available to Corporation under any and all other agreements, and under this Agreement. . . ." Retention of the right to seek injunctive relief and other remedies for other breaches of the contract does not render the liquidated damages provision a pen-

alty. *Fortune Bridge Co. v. Dept. of Transp.*, 242 Ga. 531, 533 (250 SE2d 401) (1978). Accordingly, the provision for liquidated damages is enforceable.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 27, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

Dale Dominy, *pro se.*

*Wetzel & Carroll, Michael L. Wetzel, Edward F. O'Connor,* for appellant.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellee.