704 So.2d 206 (1998)
CITY OF OVIEDO, Florida, Appellant,
v.
ALAFAYA UTILITIES, INC., Appellee.
No. 97-503.
District Court of Appeal of Florida, Fifth District.
January 9, 1998.
*207 Paul R. Bradshaw and Mark K. Logan of Bryant, Miller & Olive, P.A., Tallahassee, for Appellant.
Martin S. Friedman of Rose, Sundstrom & Bentley, LLP, Tallahassee, for Appellee.
PETERSON, Judge.
The City of Oviedo (Oviedo) appeals a temporary injunction enjoining it from withholding approval of planned sewer improvements by appellee, Alafaya Utilities, Inc. (Alafaya) on the grounds that Alafaya has refused to sign a franchise agreement proffered by Oviedo. We affirm.
Alafaya, a sewer utility operating within Oviedo for over ten years and having both wastewater and treated water reuse lines located in public rights of way, was informed by Oviedo in 1996 that it should enter a franchise agreement that would provide Oviedo with compensation for the use of the latter's rights of way. Oviedo also advised a developer who was in the process of selling Oviedo-approved residential projects that any sewer or reuse lines installed in rights of way would have to be either dedicated to Oviedo or that a franchise agreement would have to be executed between Oviedo and the utility providing the services.
Oviedo's proposed franchise agreement included provisions that the franchise would have a term of only one year, that all new wastewater and reuse facilities would be dedicated to Oviedo upon installation, and that Alafaya would pay to Oviedo six percent of its revenues from customers within the franchise area. Alafaya responded to the proposals by filing the instant action seeking declaratory and injunctive relief and damages.
The extraordinary remedy of a preliminary injunction requires: (1) a likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) consideration of the public interest. City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995).
Oviedo asserts that Alafaya can neither demonstrate irreparable harm nor the unavailability of an adequate remedy at law because damages can be easily and simply calculated. Oviedo's contentions, however, ignore the incalculable amount of loss that would occur to developers and home buyers if Oviedo's prohibitions continued until resolution of the dispute. See Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371 (Fla. 4th DCA 1987). Oviedo also contends that Alafaya failed to demonstrate a likelihood of success on the merits. We disagree. Subsection 337.401(1), Florida Statutes (1995), allows Oviedo to prescribe and enforce reasonable rules or regulations regarding the installation of utility lines and structures in a right of way. Subsection 337.401(2) allows Oviedo to grant the use of a right of way to a utility in accordance with such rules or regulations as Oviedo may adopt. The record discloses that no rules or regulations have ever been adopted by Oviedo and that it imposed the current prohibitions because Alafaya would not submit to the franchise terms unilaterally imposed by Oviedo.
*208 The preliminary injunction under review enjoins Oviedo "from withholding development on the grounds that Alafaya has not entered into a franchise agreement with the City." Because Oviedo is still free to adopt reasonable rules and regulations pertaining to the use of its rights of way in accordance with section 337.401, the injunction entered does not unduly hamper Oviedo's regulatory powers.
The temporary injunction is affirmed.
AFFIRMED.
COBB and HARRIS, JJ., concur.