## A97A2155. HARVILLE v. GUNTER.
### (495 SE2d 862)

ANDREWS, Chief Judge.

Karen Harville appeals from the trial court's judgment granting K. B. Gunter's, d/b/a Exceptional Rehab Services (Exceptional Rehab), request for an injunction upholding the covenant not to compete in Harville's employment contract. Harville brings ten enumerations of error, contending in main part that the covenant not to compete is overbroad and unreasonable in its terms. We agree and reverse the judgment of the trial court.

Exceptional Rehab hired Harville as a speech pathologist in July 1995. Harville signed a covenant not to compete at the time she was hired and again a year later. The covenant not to compete which she signed in July 1996, required her to "restrict her actions" as follows:

"(b) For a period of one (1) year after termination of Employee's employment by Employer, whether such termination is with or without cause and whether such termination is at the instance of Employer or Employee or as a result of a non-renewal of this Agreement, for a period of one (1) year after such termination, directly or indirectly, for herself, or as agent, or employee of any other person or persons, or through any other person or persons as her agent, Employee, or otherwise, engage in the practice of speech-language pathology or be an officer, director, shareholder, or employee of any corporation which engages in the practice of speech-language pathology and/or audiology in Troup County, Upson County, Pike County, Lamar County, Georgia, or in any town or city in such other county or counties as Employee may hereinafter practice speech-language pathology in the employment of the Employer;

"(1) Engage in the practice of speech-language pathology;

"(2) Provide speech-language pathology or audiology services to any person or organization which received such services from Excep-

tional Rehab Services at any time during Employee's employment by Employer; or

"(3) Engage in speech-language pathology and/or audiology activities at a facility serviced by Exceptional Rehab Services at any time during Employee's employment by employer. . . ."

A little over three months after signing this agreement, Harville informed Exceptional Rehab that she was quitting her job effective December 31, 1996. Harville then took a job with Professional Rehabilitation Services and began practicing speech pathology at Riverside Nursing Home in Thomaston, Georgia, which is in Upson County. Harville had previously practiced speech pathology at Riverside Nursing Home for Exceptional Rehab.

Exceptional Rehab filed a request for an injunction pursuant to the contract. The trial court granted the injunction, finding the covenant not to compete was neither unreasonable nor overly broad. This appeal followed.

The majority of Harville's enumerations of error concern claims that several portions of the covenant are unenforceable because they are unreasonable and overbroad. "While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public. Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied." (Citations and punctuation omitted.) *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). Applying this three-element test to the agreement before us, we find two clauses of the contract are unreasonably overbroad.

1. The covenant is overbroad in terms of territorial coverage. The territorial coverage in the agreement was for "Troup County, Upson County, Pike County, Lamar County, Georgia, or in any town or city in such other county or counties as Employee may hereinafter practice speech-language pathology in the employment of the Employer." The covenant also prohibited Harville from working as a speech pathologist with any person, organization, or at any facility serviced by Exceptional Rehab at any time during her employment at Excep-

tional Rehab. Because of the language referring to "other counties" in which Harville may practice and "other facilities" at which Exceptional Rehab may provide services in the future, Harville could not determine with any certainty at the time she signed the contract the extent of the prohibition. *Britt v. Davis*, 239 Ga. 747, 749 (238 SE2d 881) (1977); *Orkin Exterminating Co. v. Pelfrey*, 237 Ga. 284, 285 (227 SE2d 251) (1976); *Durham v. Stand-By Labor &c.*, 230 Ga. 558, 562 (198 SE2d 145) (1973). This Court has held that "a territorial limitation not determinable until the time of the employee's termination invalidates the provision and the entire agreement." *Jarrett v. Hamilton*, 179 Ga. App. 422, 424-425 (346 SE2d 875) (1986).

2. The covenant is also overbroad in the scope of activity prohibited. The covenant provides that Harville may not "engage in the practice of speech-language pathology or be an officer, director, shareholder, or employee of any corporation which engages in the practice of speech-language pathology and/or audiology. . . ." This imposes a greater limitation on the employee than is necessary because Harville is prohibited from being an officer or director or owning stock in other companies, activities which are very different from her work as a speech pathologist at Exceptional Rehab. As a result, this restriction is broader than necessary to protect the employer. *Puritan/Churchill Chem. Co. v. Eubank*, 245 Ga. 334, 335 (265 SE2d 16) (1980); *Browning v. Orr*, 242 Ga. 380, 381 (249 SE2d 65) (1978); *American Gen. Life &c. Ins. Co. v. Fisher*, 208 Ga. App. 282 (430 SE2d 166) (1993); *Jarrett*, supra at 424.

Further, the severability clause in the contract does not save it. This Court has rejected the "blue-pencil theory of severability" with regard to employment contracts, and we will not sever a broader, more restrictive provision so as to leave the narrower valid one. *Browning*, supra at 381. This is true whether or not there is a severability clause in the contract. *Puritan/Churchill Chem. Co.*, supra at 335; *Richard P. Rita Personnel &c. v. Kot*, 229 Ga. 314 (191 SE2d 79) (1972).

Therefore, for the reasons discussed above, we hold the trial court erred in granting Exceptional Rehab's request for an interlocutory injunction.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 15, 1998.

*Shepherd & Johnston, William G. Johnston III*, for appellant.
*Alan W. Connell*, for appellee.