A00A0064. AGA, LLC v. RUBIN.
(533 SE2d 804)

BLACKBURN, Presiding Judge.

AGA, LLC appeals the trial court's order granting Dr. Raymond Rubin's petition for a temporary restraining order which precludes AGA from enforcing the provisions of the noncompetition clause con-

---

tained in Rubin's employment contract. The trial court determined that the territorial limitation contained in the contract was overbroad and unenforceable because the territory was undefinable until Rubin's employment ended. We agree.

> Unlike a contract in general restraint of trade, a restrictive covenant in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded upon valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public. Whether the imposed restraint in an employment contract is reasonable is a question of law for court determination, which considers the nature and extent of the trade or business, the situation of the parties, and all the other relevant circumstances. *W. R. Grace & Co. v. Mouyal,* 262 Ga. 464, 465 (1) (422 SE2d 529) [(1992)]; *Dougherty, McKinnon &c. v. Greenwald, Denzik &c.,* 213 Ga. App. 891, 893 (2) (447 SE2d 94) [(1994)]. A helpful tool in determining the reasonableness of a particular restraint provision is to apply the three-element test of duration, territorial coverage, and scope of activity. Id. In considering the reasonableness of restrictive covenants in an employer/employee agreement, strict appellate scrutiny is required; whether the restraint was reasonable presents an issue of law. *McAlpin v. Coweta &c. Assoc.,* 217 Ga. App. 669, 672 (1), (2) (458 SE2d 499) [(1995)].

(Punctuation omitted.) *Delli-Gatti v. Mansfield,* 223 Ga. App. 76, 77-78 (1) (477 SE2d 134) (1996).

In the present case, Rubin worked for AGA pursuant to an employment agreement from March 1996 to March 1999. The noncompetition covenant within the agreement provided:

> [F]or a period of eighteen (18) months following termination of employment with Employer (regardless of the reasons for such termination), Employee shall not, either for himself or on behalf of any other person, persons, partnership, association, corporation or other business entity, render or be retained or employed to render as a doctor of medicine, any gastroenterology services, other than in an emergency situation, at (i) any hospital at which Employee regularly performs services for Employer during the term of this Agreement, including, without limitation, those set forth in

Exhibit B attached hereto (collectively, the "Restricted Hospitals") or (ii) any location within a five-mile radius of any of the Restricted Hospitals, except as an Employee of Employer.

Exhibit B to the agreement identified three hospitals: Crawford Long Hospital in Atlanta; Piedmont Hospital in Atlanta; and Gwinnett Medical Center in Lawrenceville. By the terms of the agreement, Exhibit B was not an exhaustive list.

Relying on *Jarrett v. Hamilton*, 179 Ga. App. 422, 425 (1) (346 SE2d 875) (1986), the trial court determined that the territorial limitation was unenforceable because the territory was not determinable until the time of the employee's termination. The trial court was correct. Our Supreme Court has held, in several cases, that "a territorial restriction which cannot be determined until the date of the employee's termination is too indefinite to be enforced." *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68 (1) (247 SE2d 329) (1981). See also *Durham v. Stand-By Labor of Ga.*, 230 Ga. 558, 562 (2) (a) (198 SE2d 145) (1973); *Ellison v. Labor Pool of America*, 228 Ga. 147, 150-152 (3) (184 SE2d 572) (1971). The employee must be able to " 'forecast with certainty the territorial extent of the duty owing' " the employer. *Koger*, supra at 68.

In *Dominy v. Nat. Emergency Svcs.*, 215 Ga. App. 537 (451 SE2d 472) (1994), the covenant provided, in pertinent part:

"for a period of two (2) years after the termination of this Agreement, however the same may be terminated, Physician shall not directly or indirectly solicit a contract to perform nor perform nor have any ownership or financial interest in any corporation, partnership, or other entity soliciting or contracting to perform emergency medical service *for any medical institution at which Physician has performed the same or similar services under this Agreement or any prior Agreement between Physician and Corporation.*"

Id. at 538-539 (2). We found this restriction to be reasonable. It is clear that the territorial limitation in *Dominy* could not be determined until the employment ended. Because this determination did not follow Supreme Court precedent, it must be overruled to the extent it violated the holding in *Koger*. See *Koger*, supra.

Usually, whether a covenant is reasonable can appropriately be answered based upon the wording of the covenant. However,

[o]ccasionally facts might be necessary to show that a questionable restriction, though not void on its face, is, in fact, reasonable. . . . However, the indefinite restriction imposed

in this case could not be saved by additional facts and is in fact void on its face.

*Koger*, supra at 69 (2). There were no facts discussed in *Dominy* that could save the void restriction. Similarly, the facts of the present case cannot save a restrictive covenant that is void on its face. See *Ceramic &c. Coatings Corp. v. Hizer*, 242 Ga. App. 391 (529 SE2d 160) (2000) (" 'a territorial limitation not determinable until the time of the employee's termination invalidates the provision and the entire agreement' ").

We cannot agree with AGA that the covenant should receive less scrutiny simply because Rubin was a physician. The facts do not suggest that Rubin was a partner, shareholder, or other form of owner or manager of AGA. See *Rash v. Toccoa Clinic Med. Assoc.*, 253 Ga. 322 (320 SE2d 170) (1984) (the Supreme Court of Georgia distinguished an employment agreement from the partnership agreement it considered).

*Judgment affirmed. Johnson, C. J., Pope, P. J., Andrews, P. J., Smith, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington, Phipps, JJ., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 2, 2000.

*Minkin & Snyder, Michael J. King, G. Brian Raley, Joseph H. Akers,* for appellant.
*Gambrell & Stolz, Irwin W. Stolz, Jr., Robert G. Brazier, Seaton D. Purdom,* for appellee.