755 So.2d 839 (2000)
ROLLINS, INC., Appellant,
v.
Jack A. PARKER, Appellee.
No. 5D99-2395.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
*840 Stacy L. Edelstein and Richard P. Decker, of Decker & Hallman, Atlanta, Georgia, for Appellant.
David E. Block and Christine L. Wilson, of Jackson, Lewis, Schnitzler & Krupman, Miami, for Appellee.
ORFINGER, M., Senior Judge.
Rollins, Inc. (Rollins) appeals from a non-final order denying its application for a temporary injunction against appellee to restrain an alleged violation of an employment agreement. For the reasons stated, we affirm.
Parker was employed by Orkin Exterminating Company (Orkin) in its Atlanta, Georgia office from November 1997 until he voluntarily resigned on January 31, 1999. Prior to that time, Parker worked for Rollins Protective Services (RPS) which dealt with security systems. Both Orkin and RPS are separate corporations, each a wholly owned subsidiary of Rollins until Rollins sold RPS. On December 14, 1998 Parker executed the employment agreement in dispute here.[1] Those portions of the agreement most salient to the issues here are:
5. The Agreement shall be construed in accordance with the laws of the State of Georgia. Employee hereby consents and agrees to submit to binding arbitration with a American Arbitration Association located in Atlanta, Georgia which, except for the right of Rollins to seek a restraining order, injunction as described, or other equitable relief, shall be sole and exclusive forum for purposes of resolving any disputes arising in connection with the Agreement or otherwise relating to the employment relationship between Employee and Rollins....
Employee acknowledges the necessity of the limited restrictive covenant to protect Rollins' legitimate interests and agrees that he or she will not, directly or indirectly, for himself or herself, or in conjunction with or on behalf of any other person, persons, firm, partnership, corporation, or other legal entity, during the term of his or her employment by Rollins, and for a period of two (2) years immediately following the termination of his or her employment with Rollins, voluntarily or involuntarily for any reason whatsoever:
(a) Make known or divulge any customer list of Rollins, or any of the Confidential Information or Trade Secrets concerning Rollins' business;
* * *
(d) Employee shall not accept employment with a direct competitor of Rollins with any of the same duties or responsibilities which the Employee *841 performed by Rollins at any time during six (6) calendar months preceding termination of employment.
Following Parker's resignation from Orkin, he became employed by Sears Termite and Pest Control (Sears), a Florida Corporation at its Orlando headquarters, as Director of Marketing. It was Rollins' position below that because Parker was now employed in Florida, and because Sears and Orkin were direct competitors, Florida law would control, specifically section 542.335, Florida Statutes (1997), which provides, in substance, that restrictive covenants seeking to restrain post employment contracts are not prohibited so long as they protect a legitimate business interest and are reasonable in time, area and line of business. See § 542.335(1).
After notice and the taking of extensive testimony, the trial court held that Georgia law would apply because the agreement was executed in Georgia by Georgia residents to cover what was then Georgia employment. We agree. When contracting parties indicate in the contract their intention as to the governing law, any dispute under the contract will be governed by such law as long as it is not against the public policy of the forum state. Baker v. Baker, 622 So.2d 541 (Fla. 5th DCA 1993); Punzi v. Shaker Advertising Agency, Inc., 601 So.2d 599 (Fla. 2d DCA 1992).
A trial court's ruling on whether to enter a temporary injunction is subject to abuse of discretion review. See Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995). As the Fourth District has stated:
A trial court's ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. A temporary injunction does not decide the merits of a case; no full hearing has been conducted. To rule on a temporary injunction, the trial court must, early in the case, estimate the likelihood of the Plaintiff prevailing on the merits and securing a permanent injunction. These are some of the reasons that a party appealing the denial of a temporary injunction has the heavy burden of demonstrating that the trial court's ruling was clearly improper.
Gold Coast Chemical Corp. v. Goldberg, 668 So.2d 326, 327 (Fla. 4th DCA 1996).
A party seeking the entry of a preliminary injunction must demonstrate:
1. Irreparable harm;
2. A substantial likelihood of success stemming from a demonstrably clear legal right;
3. An inadequate remedy at law; and
4. Consideration of the public interest.
See City of Oviedo v. Alafaya Util., Inc., 704 So.2d 206 (Fla. 5th DCA 1998); Miami-Dade County v. Church & Tower, Inc., 715 So.2d 1084, 1087 (Fla. 3d DCA 1998); St. Lucie County v. St. Lucie Village, 603 So.2d 1289, 1292 (Fla. 4th DCA), review denied, 613 So.2d 12 (Fla.1992).
The question then is whether this restrictive covenant is enforceable under Georgia law. Unlike Florida, Georgia has no controlling statute, but resolves legitimacy of such restrictive covenants under common law principles. In Georgia, covenants against competition which are contained in employment contracts are considered to be in partial restraint of trade and will be upheld only if they are strictly limited in time and territorial effect, and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. Orkin Exterminating Co. v. Walker, 251 Ga. 536, 307 S.E.2d 914 (1983).[2]
*842 In denying the temporary injunction, the trial judge noted that "... the Agreement involved here leaves a very serious question of whether an agreement not to compete with Rollins, where Parker had been employed for many years, could be enforced by Orkin, which is a separate corporation and not even mentioned in the Agreement." We conclude that he was correct in this observation. Moreover, he found that no trade secrets or confidential information of Rollins had been divulged or were likely to be divulged and that no business interests of Rollins were violated by Parker's employment by Sears. The trial court also found that Sears and Orkin were not direct competitors in that, although they both operated to exterminate pests, their methods of doing business were completely different. The evidence supports these conclusions.
The holding by the Georgia Court of Appeals in the case of Delli-Gatti v. Mansfield, 223 Ga.App. 76, 477 S.E.2d 134 (1996) is informative here:
In Puritan/Churchill, etc., Co. v. Eubank, 245 Ga. 334, 335, 265 S.E.2d 16, it was held that "language which restricts employees from activities in a much more limited fashion than is necessary for the protection of the employer will not withstand the reasonableness test so as to uphold the covenant." Accord Howard Schultz & Assoc., etc. v. Broniec, 239 Ga. 181, 184(2), 236 S.E.2d 265; Jarrett v. Hamilton, 179 Ga.App. 422, 424(1), 346 S.E.2d 875. "Since restrictive covenants must be reasonable in this regard as well as strictly limited in time and territorial effect, a covenant failing in reasonableness for any of these three reasons cannot be upheld." Puritan/Churchill, supra. It has been broadly held that one of the adverse effects of contracts in unreasonable restraint of trade is that the unreasonable covenants therein "`tend to deprive the public of services of (citizens) in the employments and capacities in which they may be most useful to the community as well as themselves.'" (Citation omitted.) Vortex Protective Svc. v. Dempsey, 218 Ga.App. 763, 765(2), 463 S.E.2d 67.
Id. at 137.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The parties to the agreement are Rollins and Parker. Orkin is not a party to the agreement nor is it otherwise referred to therein.
[2] In this respect the common law rule in Georgia is not unlike the provisions of section 542.335, Florida Statutes (1997), which recognizes the validity of such restrictive covenants which protect an employer's "legitimate business interests" and which "are reasonable in time, area and line of business."