## A01A1699. KEN'S STEREO-VIDEO JUNCTION, INC. v. PLOTNER.
### (560 SE2d 708)

RUFFIN, Judge.

Brian Plotner filed a petition for declaratory judgment against his former employer, Ken's Stereo-Video Junction, Inc. ("Ken's Stereo"). In the petition, Plotner alleged that his employment contract with Ken's Stereo contained an unenforceable noncompete clause and asked the court to declare it so. After the parties briefed the matter, the trial court declared the clause overbroad and unenforceable. Ken's Stereo appeals, asserting the trial court erred in declaring the clause unenforceable and in failing to hold an evidentiary hearing or jury trial on the matter.[1] For reasons that follow, we affirm.

In support of its position, Ken's Stereo submitted to the trial court the affidavit of its majority shareholder and chief executive officer. The affidavit shows that Plotner began working for Ken's Stereo as a car stereo installer in mid-1998. According to the affidavit, Plotner worked in that capacity for approximately two years, during which time Ken's Stereo trained him in the customized installation of car stereos and security systems. By September 2000, Plotner had advanced to the position of installation manager, and during that month he entered into a written employment agreement with Ken's Stereo that contained the following noncompete clause:

> Employee agrees for a period of eighteen (18) months following termination of employment hereunder for any reason

---

[1] We note that, in violation of Court of Appeals Rule 27 (c) (1), Ken's Stereo's brief contains two enumerated errors, but only one argument. The argument is primarily directed at the trial court's failure to hold an evidentiary hearing or jury trial, but has passing references that seem to also challenge the court's ultimate ruling. By failing to comply with the rule, Ken's Stereo risked having its enumerated error concerning the trial court's ruling deemed unsupported, and, therefore, abandoned under Rule 27 (c) (2). In addition to violating Rule 27 (c) (1), Ken's Stereo also violated Rule 23 (c), by failing, in most instances, to cite to the official reporter for its case citations. Compliance with this rule assists the Court, which uses the official reporter, in locating cases cited by the parties.

that he will not either directly or indirectly on his own behalf or as partner, officer, employee, shareholder, or director of any person or entity, engage in or otherwise be interested in any business which consists of the sale and/or installation of consumer electronics (defined as audio, video, and car stereo) within twenty-five (25) miles of the store location of Employer at which Employee is employed at the time of termination.

In December 2000, Plotner terminated his employment with Ken's Stereo. Plotner subsequently filed the instant declaratory judgment action to determine the validity of the noncompete clause. Based on the trial briefs, oral argument presented by the parties, and the affidavit discussed above, the trial court found the clause overbroad and declared it unenforceable.

1. Ken's Stereo asserts that the trial court erred in declaring the clause unenforceable. We disagree.

As a general rule,

a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public. Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.[2]

The focus of this case is on the unrestricted scope of activity proscribed by the contract. The noncompete clause can fairly be characterized as restricting Plotner from having any direct or indirect association with or interest in any consumer electronics company within the territorial limits. It is hard to imagine a broader restriction on the scope of prohibited activity, and it is clear that the contract imposes a greater limitation on Plotner than is reasonably necessary to protect the company's legitimate business interests in maintaining

---

[2] (Citations and punctuation omitted.) *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).

established customer relationships.[3] For instance, although Plotner worked only as a car stereo and security system installer and manager for Ken's Stereo, the noncompete clause would prevent him from working for another company in any capacity, even in positions totally unrelated to car stereo installation.[4] Indeed, Ken's Stereo apparently acknowledged at a hearing that, under the clause, Plotner "could not even be employed as a janitor at a competing store."[5] Moreover, the clause is not just limited to restrictions on Plotner's potential employment by a competitor, but unduly prohibits him from being an officer, director, or shareholder with another consumer electronics company within the territorial limitation.[6] We cannot discern any reason why such restrictions are necessary to protect the employer's business interests.

Ken's Stereo also contends that the training and money it invested in Plotner legitimized its interest in restricting his future employment. Although a substantial investment in training may, in some cases, outweigh minimal harm imposed by a restriction,[7] in light of the considerable harm imposed by the restriction here and the relatively minimal training provided Plotner, we disagree with Ken's Stereo that the clause was justified on this ground.

Under these circumstances, even if we assume that the territorial and time restrictions contained in the clause are reasonable, the unbridled proscription on the scope of activity renders the entire covenant unenforceable.[8] Thus, the trial court did not err in finding the clause unenforceable as a matter of law.

2. We also find no error in the trial court's failure to hold an evidentiary hearing or jury trial. Georgia's Declaratory Judgment Act only requires a jury trial if there is an issue of fact that must be submitted to the factfinder.[9] As stated above, the reasonableness of a restraint is a question of law for the trial court.[10] Although an eviden-

---

[3] See id. at 466 (addressing an employer's interest in protecting existing customer relationships); *Puritan/Churchill Chem. Co. v. Eubank*, 245 Ga. 334, 335 (265 SE2d 16) (1980) (ruling that unbridled restraint on scope of activity was unreasonable); *Ceramic & Metal Coatings Corp. v. Hizer*, 242 Ga. App. 391, 394 (2) (529 SE2d 160) (2000) (same).

[4] See id.; *Eubank*, supra; *McNease v. Nat. Motor Club &c.*, 238 Ga. 53, 56 (2) (231 SE2d 58) (1976).

[5] Although the record does not contain a transcript of the hearing, the trial court noted the concession in its final order and Ken's Stereo does not dispute the acknowledgment.

[6] *Brunswick Floors v. Guest*, 234 Ga. App. 298, 301 (506 SE2d 670) (1998); *Harville v. Gunter*, 230 Ga. App. 198, 200 (2) (495 SE2d 862) (1998).

[7] See *Guest*, supra at 300.

[8] See *Eubank*, supra; *Kuehn v. Selton & Assoc.*, 242 Ga. App. 662, 664 (1) (530 SE2d 787) (2000).

[9] See OCGA §§ 9-4-5; 9-4-6.

[10] See *Mouyal*, supra at 465; see also *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68, 69 (2) (274 SE2d 329) (1981).

tiary hearing might be necessary in some cases,[11] one was not required here. Any doubt concerning the reasonableness of the restriction was resolved by the affidavit submitted to the court by Ken's Stereo. "[T]he indefinite restriction imposed in this case could not be saved by additional facts and is in fact void on its face."[12]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2002.

*Almand & Wiggins, O. Hale Almand, Jr.*, for appellant.
*G. E. Adams*, for appellee.

---

[11] See id. (ruling that *"[o]ccasionally* facts might be necessary to show that a questionable restriction, though not void on its face, is, in fact, reasonable") (emphasis supplied); *AGA, LLC v. Rubin*, 243 Ga. App. 772, 774-775 (533 SE2d 804) (2000) (same); but see *Nat. Teen-Ager Co. v. Scarborough*, 254 Ga. 467, 469 (330 SE2d 711) (1985) (reasonableness of restraint on scope of activity *"generally* is not determinable solely from the face of the contract") (emphasis supplied); *Lighting Galleries v. Drummond*, 247 Ga. App. 124, 127 (1) (b) (543 SE2d 419) (2000) (same).

[12] *Koger Properties*, supra at 69 (2); see also *Eubank*, supra.