BROWNING, J.
The City of Gainesville (City) enacted an ordinance in May 2001 imposing a six-month moratorium on the issuance of development permits for certain then-permissible uses in its 1-2 (Industrial) land-use areas. The City appeals the trial court’s entry of a temporary injunction preventing the City from enforcing its moratorium ordinance against the efforts of Appellee, Watson Construction Company, Inc., to secure approval for a hot mix asphalt plant on a parcel of land zoned for such industrial use. We have jurisdiction of this non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Having reviewed the conflicting evidence in the record before the trial court, we agree with Appellee that the trial court applied the law correctly in finding Appel-lee entitled to temporary injunctive relief. See City of Oviedo v. Alafaya Util., Inc., 704 So.2d 206 (Fla. 5th DCA 1998) (stating that extraordinary remedy of preliminary injunction is appropriate remedy where plaintiff can demonstrate likelihood of irreparable harm, unavailability of adequate remedy at law, substantial likelihood of success on merits, and consideration of public interest); Alachua County v. Lewis Oil Co., Inc., 516 So.2d 1033 (Fla. 1st DCA 1987) (finding trial court had wide discretion to grant or dissolve temporary injunction, with which appellate court would not interfere absence an abuse of discretion); Old Equity Life Ins. Co. v. Levenson, 177 So.2d 50 (Fla. 3d DCA 1965) (indicating that where trial court’s findings of fact are reasonably supported by competent, substantial evidence in the record, as they are here, appellate court cannot re-weigh the evidence or substitute its judgment).
However, the City correctly contends that the temporary injunction does not address the issue of posting bond. We agree that the temporary injunction is deficient for failing to include a bond requirement. See Fla. R. Civ. P. 1.610(b). Appellee does not dispute that it should post bond for the temporary injunction. Therefore, we AFFIRM the temporary injunction on the issue of Appellee’s entitlement to injunctive relief and REMAND for the trial court to address the bond requirement. Cutler Creek Village Townhouse Ass’n, Inc. v. Cutler Creek Village Condominium Ass’n, Inc., 584 So.2d 103 (Fla. 3d DCA 1991) (holding temporary injunction *786 was defective for failure to comply with rule requiring posting of bond to pay costs and damages that could result from issuance of injunctive relief, requiring remand for entry of appropriate bond).
•ERVIN and VAN NORTWICK, JJ. concur.